[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3246
The defendants Southern New England Telephone Co. (SNET) and Northeast Utilities (NU) have moved pursuant to Connecticut General Statutes § 52-102 to cite in George Tsipas (Tsipas) as a party defendant for purposes of apportionment of damages only.
The plaintiff was a passenger in a car Tsipas was operating which struck a utility pole owned by the defendants. Tsipas allegedly lost control of his vehicle which spun around and struck the pole located on the sidewalk across from his vehicle's lane of travel. As a result the plaintiff was injured. He settled with Tsipas prior to any suit being brought. After that settlement, he brought this action against the present defendants. The amount of the settlement was $100,000.00 paid by Tsipas' insurer and a promissory note by him to pay $50,000.
The plaintiff claims that Tsipas may not be cited in as a defendant because the statute of limitations has run against him and he is immune from suit for that reason and because he is a released person.
There is a split authority among superior court judges as to whether this bars an action against him. Conn. Gen. Stat. § 52-102(2) states, in pertinent part, that: "provided no person who is immune from liability shall be made a defendant . . ." However, Conn. Gen. Stat. § 52-572h(f)(4) requires the trier to consider the percentage of negligence of all parties "including settled or released persons." And subsection (n) states that the "total award of damages is reduced by the amount of the released person's percentage of negligence . . ."
The court finds that Tsipas would be immune from suit because the statute of limitations would be a bar to recovery against him. However, Conn. Gen. Stat. § 52-572 as cited above appears to permit and does permit the responsibility of a settled or released person to be considered by the trier. CT Page 3247
A recent Supreme Court case specifically held that the negligence attributable to a released person should be considered for apportionment purposes. While that case did not discuss the statute of limitations defense, the court squarely ruled that the jury may consider the percentage of negligence of a released person. Donner v. Kearse, 234 Conn. 660,672 (1995).
In view of that decision, the court must distinguish between cases where the statute has run and those cases where the person is a released person such as Tsipas. Based uponDonner, there is a justiciable issue contrary to plaintiff's claim. That issue is the percentage of responsibility to be attributed to Tsipas as compared to the two defendants, SNET and NU.
Accordingly, the defendants' motion to cite in Tsipas as a defendant is granted.