[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #113
I. Factual and Procedural Background
In its underlying complaint, the plaintiff ACMAT Corporation CT Page 694-ZZZ (hereinafter "Acmat" or the "plaintiff") alleges that Jansen 
Rogan Consulting Engineers, P.C. (hereinafter "Jansen") is liable to it for negligence (count one), for breach of contract as a third party beneficiary (count two), as an assignee of an indemnification claim (count three), as an assignee of a separate claim for negligence (count four), and as assignee of a separate claim for breach of contract (count five). The plaintiff alleges that litigation it had earlier initiated against the architectural firm of Russell Dawson (hereinafter "RD") resulted in a settlement agreement, (hereinafter the "settlement agreement"), through which the aforementioned assignments were made. Also the result of the settlement agreement were the withdrawal of the action against RD, an exchange of covenants not to sue, and payment of $322,500 by RD and its insurer to Acmat.
As damages, the plaintiff's complaint, count one, alleges that Jansen's negligence compelled Acmat to spend considerable sums to correct and make operational the heating, ventilation, and air conditioning system (hereinafter "HVAC") that Jansen had agreed to engineer and design, including costs for labor, equipment and future re-evaluation, redesign and replacement. Count two claims simply entitlement to "damages". Count three alleges that as a result of the lawsuit it waged against RD, RD incurred litigation expenses that Jansen is liable for in CT Page 694-AAAA indemnification. Count four alleges that RD incurred damages including the cost of providing additional services to rectify problems resulting from Jansen's negligence and incurred costs associated with insurance deductibles and settlement. Count five alleges damages similar to count four. As of the time this motion to strike was argued, the only party named as a defendant by Acmat was Jansen.
By way of an apportionment complaint dated October 1, 1996, Jansen named the following people and entities as apportionment defendants: Russell Dawson Architecture and Engineering (hereinafter "RD"), Dan Lyman Russell (hereinafter "Russell"), Robert M. Dawson (hereinafter "Dawson"), Sudhakar V. Nagardeolekar (hereinafter "Nagardeolekar"), John M. Leahy (hereinafter "Leahy"), and Landis Gyr Powers, Inc. (hereinafter "Landis"). The apportionment complaint alleges that each of the apportionment defendants is or may be responsible in negligence or in contract for problems with the HVAC system that are the basis for the underlying complaint and that each is or may be liable to the plaintiff for the damages it has alleged.
Acmat and apportionment defendants RD, Russell, Dawson, and Nagardeolekar filed a motion to strike the apportionment complaint on December 6, 1996. Jansen filed a Memorandum in Opposition to Motion to Strike Apportionment Complaint on CT Page 694-BBBB December 18, 1996. A separate motion to strike the apportionment complaint was filed by Landis and is not the subject of this decision. Oral argument on this matter was heard on January 6, 1997.
II. Discussion
The moving parties urge the court to strike the entire apportionment complaint in reliance on the theory that the underlying complaint seeks only commercial losses which removes the action from the purview of the relevant apportionment statutes, and that apportionment cannot lie against RD, Russell, Dawson and Nagardeolekar because they are parties to the complaint since their interests are being pursued by Acmat pursuant to the settlement agreement. In response, Jansen argues that the apportionment complaint should stand since the damages alleged in the underlying complaint include damage to or the loss of use of tangible property which is sufficient to maintain an action in negligence and because Public Act 95-111 was specifically drafted to permit a defendant to bring non-parties into the suit as apportionment defendants, including defendants such as RD and its individual partners. For the reason that the moving parties have attacked the complaint in its entirety and some parts of the apportionment complaint are adequate to support Jansen's claims for apportionment, the motion to strike is CT Page 694-CCCC denied.
A. Motions to Strike, Generally
"In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996), and "the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). The facts in the complaint must be considered most favorably to the pleader. Waters v.Autori, supra, 236 Conn. 825. When "facts provable in the complaint would support a cause of action," the motion must be denied. Id. 826. Similarly, "[i]nsofar as the motion to strike is directed at the entire complaint, it `must . . . fail if any of the . . . claims are legally sufficient.' . . ." (Citation omitted.) Whelan v. Whelan, 41 Conn. Sup. 519, 520, 588 A.2d 251
(1991). See also Klein v. Stamford, 43 Conn. Sup. 441, 443,658 A.2d 986 (1994).
B. Apportionment, Generally
In response to a growing concern over the inequities attending common law tort actions resulting in joint and several liability, the legislature has in the last decade embarked on a series of efforts at tort reform. Donner v. Kearse, CT Page 694-DDDD234 Conn. 660, 668-69, 662 A.2d 1269 (1995). "[W]hile Tort Reform I provided that the jury, in determining the percentage of responsibility of a particular defendant, could also consider the entire universe of negligent persons, Tort Reform II limited this universe to only those individuals who were parties to the legal action or who were specifically identified in § 52-572h (n)." Id. "Tort Reform Il created a rule of liability apportionment that replaced the joint and several liability rule." Cooper v.Delta Chi Housing Corporation, 41 Conn. App. 61, 65, 674 A.2d 858
(1996). Under the system presently in place, a defendant who believes that a non-party is responsible for some or all of the plaintiff's injuries can effectively implead the non-party for purposes of apportionment. Id.
Connecticut General Statutes § 52-572h, which is the codified version of Public Acts 86-338 (Tort Reform I), 87-227 (Tort Reform II) and others provides in subsection (c) that
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of CT Page 694-EEEE recoverable economic damages and the noneconomic damages . . . (Emphasis added).
More recently Public Act 95-111 (hereinafter the "Act") was enacted to clear up ambiguities that had plagued the earlier apportionment procedure. It permits a defendant to commence the procedure by serving an apportionment complaint "upon a person not a party to the action who is or may be liable" pursuant to C.G.S. § 52-572h for a proportionate share of the plaintiff's damages. P.A. 95-111(a). By its express terms, the Act permits a defendant to seek apportionment of the liability of a non-party who "has previously settled or released the plaintiff's claims against such person." Id. at subsection (c), (g). Donner v.Kearse, supra, 234 Conn. 671. And see Wenc v. The Southern NewEngland Telephone Co., Superior Court, judicial district of New London (April 15, 1996, Hurley, J., 16 CLR 536). ("A recent Supreme Court case specifically held that negligence attributable to a released person should be considered for apportionment purposes.")
The moving parties are arguing in effect that because the Supreme Court said recently "that the term `damage to property,' as used in § 52-572h, does not include purely commercial losses," Jansen cannot pursue apportionment. See Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 584, 657 A.2d 212
CT Page 694-FFFF (1995). The argument is unavailing. After thoroughly reviewing the legislative history of C.G.S. § 52-572h and like provisions to ascertain the scope of the language "damage to property," the court in Williams concluded that it would not "stretch the meaning of `damage to property,' as used in §52-572h(b), to include commercial losses unaccompanied byphysical damage to or loss of use of tangible property." (Emphasis added.) Id. In so doing, it recognized that the phrase, as used traditionally in the law of negligence, included "damage to or loss of use of tangible property." Id. 583. Under Williams, the only claims that might be excluded from the reach of the apportionment statutes because they do not fall within the reach of C.G.S. § 52-572h(c) which extends to "negligence action[s] to recover damages resulting from personal injury, wrongful death or damage to property" are those which are purely commercial, unaccompanied by physical damage. See id.
In this case, the claims against Jansen are not purely commercial. In Acmat's complaint against Jansen, for which Jansen seeks to apportion any liability for damages which may be found, Acmat alleges injury to tangible property: the heating, ventilating and air conditioning system. It alleges that its use of the tangible property was impaired and that replacement and redesign have been performed or will be necessary. These are sufficient allegations to preclude any finding that Acmat's CT Page 694-GGGG claims for economic damages are unaccompanied by physical damage or loss of use of tangible property, or are, in other words, "purely commercial." That being the case, it is equally clear that some of the claims raised by Acmat against Jansen are susceptible to apportionment even if others are not. "Insofar as the motion to strike is directed at the entire complaint, it `must . . . fail if any of the . . . claims are legally sufficient.' . . ." (Citation omitted.) Whelan v. Whelan, supra, 520. See also Klein v. Stamford, supra, 443. Therefore, the motion to strike is denied.
The moving parties' second ground for striking the apportionment complaint is similarly unavailing. As discussed above, the statutory scheme provided by C.G.S. § 52-572h and P.A. 95-111 expressly permits a defendant to join a non-party in the action for purposes of apportioning liability, and it specifically reaches non-parties who are out of the suit as a result of setting with the plaintiff. It is undisputed that RG and its individual partners, Russell, Dawson and Nagardeolekar settled with Acmat, part of which settlement agreement included a covenant not to sue and an assignment of their rights to Acmat as against Jansen. The fact that their rights are being pursued by Acmat pursuant to the settlement does not alter the effect of the law on their obligations. Since, at the time that Jansen served its apportionment complaint, those persons and entities were not CT Page 694-HHHH parties to the suit, and had settled with the plaintiff, they were proper apportionment defendants under the irrelevant statute. There is thus no basis here for granting the motion to strike. The court adds further that to find otherwise would be wholly inconsistent with the purpose of tort reform.
III. CONCLUSION
For the foregoing reasons, the motion to strike is denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT