[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: MOTION TO REQUIRE JOINDER OF PARTY DEFENDANT
In this case the plaintiff fell while stepping from the edge of a city sidewalk. She has sued the city (13-149 C.G.S.) and the city has moved to require the joinder of the Commissioner of Transportation. The commissioner in its brief opposing the city's motion argues that the city is in effect trying to avoid liability by pointing to the fact that the sidewalk runs through Central Connecticut State University. It will claim (see first special defense) that the University rather than the city maintained the sidewalk where the plaintiff fell. CT Page 10856
The city thus seeks to bring the commissioner into the case to apportion liability between the city and the state pursuant to 52-5722h(c).
 I.
The city must move for joinder under 52-1022 C.G.S. and the city concedes as it must that there is an exemption from joinder under the statute if the party sought to be joined is immune. But the city then goes on to argue in its brief that the state in this case does not have immunity. Section 13b-30 C.G.S. places a duty on the Commissioner of Transportation to maintain and improve roads and drives on the grounds of state institutions.
If joinder is not allowed under 52-102 the city does not claim that the commissioner can somehow be joined in as a "party" for apportionment purposes under 52-572h(c).
Section 13a-144 C.G.S. provides in relevant part:
 "Any person injured in person . . . through the neglect or default of the state or any of its employees by means of any defective highway . . . or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in superior court."
Section 13b-30 C.G.S. in relevant part provides:
 "From funds appropriated to the department of transportation for general operations, the commissioner of transportation shall at the request of the state agency having jurisdiction over the property involved maintain and improve the roads and drives on the grounds of state institutions . . . and other state agency . . . ."
Central Connecticut State University is a state institution or agency, Cairns v. Shugrue, 186 Conn. 300,303 (1982). CT Page 10857
The only basis for holding the commissioner liable is pursuant to 13aaa-144, Donnelly v. Ives, 159 Conn. 163,166 (1970). The city, as noted, asserts the commissioner is not immune from liability because 13b-30b imposes on the commissioner of transportation a duty to maintain and improve roads and drives on the grounds of state institutions. But the entirety of 13b-30 must be read, and then it must be read in conjunction with 13a-144. Under 13b-30 the commissioner has a duty to maintain and improve roads and drives only if he/she has been requested to do so by the state institution through which the road or drive runs. Absent such a request the commissioner has no duty to keep the road or drive in repair and, therefore, the commissioner would be immune from suit given the language of 13a-144. This result seems required by a reading of both the statutes discussed and is implied by the language of Cairns v. Shugrue, supra at page 202.
The city does not allege the appropriate request was made to the commissioner nor does it claim that in fact the commissioner was maintaining these areas, thus allowing it to perhaps argue that a de facto request for 13a-144
liability purposes should be found.
On the basis of the factual record before the court the motion for joinder should be denied.
 II.
Joinder also should only be permitted if thereby the city could move for apportionment under 52-572h(c). The commissioner makes an interesting argument that that statute applies only to a "negligence" action. The suit before the court is brought against the city pursuant to 13-149 which is a "statutory cause of action" and not a negligence action. In Lukas v. New Haven, 184 Conn. 205,212 (1981) the court said 52-572h does not apply to actions for personal injuries based on general statutes13a-149 et seq. The liability of the city under 13-149 does not arise from negligence but is "purely a breach of a statutory duty." id. at page 212,
Lukas was discussing only the contributory negligence provisions of the statute which are now incorporated in52-572h(b). The decision long predated the legislature's CT Page 10858 forays into apportionment of responsibility. It would be difficult to conclude that subsection (c) does not provide for apportionment when a city of the state is sought to be joined. But the legislature must be assumed to have been aware of Lukas and it would be difficult to read the language "negligence" and "negligence action" differently in subsection (b) and (c) of 52-572h. Also see Dermick et al. v. August Winterline, 222 Conn. 775 which seems to decide this issue in the commissioner's favor.
However, 13a-144 which is the basis on which the only claim of liability against the state can be made, as distinguished from 13a-149, does talk about persons injured through the "neglect or default" of the state (emphasis added). Lukas made much of the fact that the legislature must be presumed to be aware of the language it was using. Given the ameliorative purposes of subsection (c) of 52-572(h) and the fact that "neglect" is used in13a-144 that may be enough to make it a "negligence action" for apportionment purposes under (c) of 52-572h. Based on this slender reed, the court will not deny the joinder motion on the second ground advanced by the commissioner but does deny the motion for joinder on the first ground stated.
Krevolin Feinstein for plaintiff.
Kenny Brimmer for defendant.