[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CONSOLIDATED MEMORANDUM OF DECISION
RE: MOTIONS 112, 113, NEALY V. WARD, ET. AL., NO. 0124382
MOTIONS 129, 139, GATLING V. WARD, ET. AL., NO. 0118481
MOTIONS 110, 119, Q. NEALY V. WARD, ET. AL., NO. 0124496
All of these cases arise out of an event that occurred in the early morning of January 9, 1993. Alfred Nealy was driving a motor vehicle on Route 8 in Naugatuck. Quinton Nealy, Karon Nealy, Reginald Nealy and Wayne Burdette were passengers in that vehicle. At approximately 2:45 a.m., two troopers from the Connecticut State Police stopped the vehicle, which had allegedly been traveling at speeds above the posted speed limit. The allegations continue that despite Alford Nealy's apparent intoxication, the state troopers failed to prevent Nealy from driving the vehicle, and permitted him to continue traveling down Route 8. At approximately 3:52 a.m. on that same evening, the vehicle driven by Alfred Nealy was involved in an accident on Route 34 in Newtown. As a result of the accident, Alfred Nealy, Reginald Nealy and Wayne Burdette died, and Karon Nealy and Quinton Nealy were severely injured. A blood test on Alfred Nealy is alleged to have shown an ethanol level of .24 percent. A number of actions have resulted from this accident. Each of the passengers of the vehicle, Quinton Nealy, Karon Nealy, and Elaine Gatling, the administratrix of the estates of Wayne Burdette and Reginald Nealy have brought actions against William Ward, the administrator of the estate of Alfred Nealy, and Agency Rent-a-Car.[1]
Additionally, each of the passengers has filed actions against the State of Connecticut, alleging that the police officers were negligent in not preventing Alfred Nealy from driving his car when he was intoxicated.[2] Each of the passengers had applied for, and received permission from the claims commissioner to sue the State, as is required by General Statutes § 4-160.[3]
A number of the individual cases have been consolidated. On February 14, 1995, the Court, Flynn, J., consolidated the four passengers' actions against the estate of Alfred Nealy. On December 6, 1995, the Court, Sullivan, J., consolidated the four passengers' actions against the State of Connecticut. Additionally, Judge Sullivan consolidated the four actions CT Page 2050 against the State of Connecticut with Gatling v. Ward and withKaron Nealy v. Ward. A motion by Quinton Nealy to be consolidated with the State of Connecticut actions has been filed, but has not yet been ruled on by the court.[4]
Presently before the court are motions to cite-in an additional defendant, the State of Connecticut, filed by Ward and Agency Rent-a-Car. In each of the actions brought by Quinton Nealy, Karon Nealy and Gatling. Ward and Agency Rent-a-Car argue that because the State of Connecticut waived its immunity from suit in K. Nealy v. Connecticut, O. Nealy v. Connecticut, andGatling v. Connecticut, that the waiver of immunity extends to the actions against Ward and Agency Rent-a-Car. Additionally, Ward and Agency Rent-a-Car argue that because the State of Connecticut filed an apportionment complaint against Ward and Agency in K. Nealy v. Connecticut, O. Nealy v. Connecticut, andGatling v. Connecticut, the State's liability should be considered in Gatling v. Ward, K. Nealy v. Ward, and O. Nealy v.Ward. Ward and Agency cite General Statutes §§ 52-102 and 52-572h
as authority for this proposition.
General Statutes § 52-102 provides that:
 "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."
(Emphasis supplied.) See also Practice Book § 85.[5]
Ward and Agency Rent-a-Car argue in their motions to cite-in, that the waiver obtained to sue the State applies to all suits arising from the same incident. Additionally, the parties argue that the State is a necessary party for the complete determination and apportionment of liability. Finally, the defendants argue that no undue delay will occur, nor will any party be prejudiced by the court's granting of the motion to cite. CT Page 2051
The four passengers object to the motion on two grounds. First, they argue that the parties cannot be cited in because this action has been claimed for a jury trial, and the claims against the State must be tried to the court pursuant to General Statutes § 4-160 (e). Second, the passengers argue that the State is protected by sovereign immunity. The plaintiff's argue that because the State only waived sovereign immunity as to the three passengers in the car, it is immune to Ward and Agency's claims, and should not be cited in, pursuant to General Statutes § 52-102. Gatling argues that under General Statutes § 4-160, Ward and Agency must seek the permission of the claims commissioner before they can bring the State into this action.
The decision of whether to allow the addition of a legal party to an action lies in the sound discretion of the trial court. A. Secondino Sons Inc. v. LoRicco, 19 Conn. App. 8, 14,561 A.2d 142 (1989). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." Id.
Where a party attempts to cite another party in for apportionment purposes, that party is subject to the provisions of General Statutes § 52-572h, which provides that:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
General Statutes § 52-572h(c). P.A. 95-111, effective to cases filed after July 1, 1995, provides that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment pursuant to section 52-572h of the general statutes." This Court has previously found that an immune party cannot be cited in for apportionment purposes, whether or not the action was filed before or after P.A. 95-111 became effective. The issue before the Court, therefore, is whether the State of Connecticut is CT Page 2052 immune from the apportionment actions brought by the defendants, or whether it has waived its immunity to the actions brought by William Ward and Agency Rent-a-Car.
"In the case of statutory waiver of sovereign immunity, statutes in derogation of the state's immunity from suit should be strictly construed so that the state's sovereignty may not be undermined. . . . A clear intent to waive sovereign immunity must be disclosed by the use of express terms or by force of a necessary implication. (Internal quotation marks omitted; Internal citations omitted.) Herzig v. Horrigan, 34 Conn. App. 816,819, ___ A.2d ___ (1994), quoting Struckman v. Burns,205 Conn. 542, 558, 534 A.2d 888 (1987). "Furthermore, because the statute constitutes a break with common law, it must be strictly construed." Lussier v. Department of Transportation, 228 Conn. 343,349, 636 A.2d 808 (1994).
General Statutes § 4-160 provides that the claims commissioner "may authorize suit against the state on any claim which . . . presents an issue of law or fact under which the state, were it a private person, could be liable." The claims commissioner has allowed Karon Nealy, Quinton Nealy, Wayne Burdette, and Reginald Nealy to bring actions against the State, which they have instituted. The State has not waived its immunity to with regard to Ward and Agency. Construing the terms of General Statutes § 4-160 strictly as we must, Herzig v. Horrigan,
supra, 34 Conn. App. 819, the State can only waive suit to parties that have presented it with claims. See King v. State,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287324 (January 26, 1995, Rush, J.,13 Conn. L. Rptr. 321) (Holding that the waiver to sue is not a waiver for all purposes, including a statute of limitations defense); Wiersch v.State, Superior Court, judicial district of New London at New London, Docket No. 526866 (March 8, 1995, Hurley, J.,13 Conn. L. Rptr. 598) (Holding that immunity waived under 4-160 is not waived for all purposes, and that the State has all defenses available to it.).
Ward and Agency have not sought a waiver of governmental immunity and therefore they can not pursue a claim against the State. The court can not stretch that immunity to include them because General Statutes § 4-160 is to be strictly construed. The State did not waive its immunity to Ward and Agency, and can not be sued. Sarges v. State, 26 Conn. Sup. 24, 26, 209 A.2d 886
(1965). Statutes in derogation of sovereign immunity should be CT Page 2053 strictly construed in favor of the State. Berger LehmanAssociates. Inc. v. State, 178 Conn. 352, 356, 422 A.2d 268
(1979). General Statutes § 52-102 provides that "no person who is immune from liability shall be made a defendant in the controversy."
The court will therefore deny the motions of Ward and Agency in all of the above cases to cite in the State of Connecticut. In CV 95 124496 Q. Nealy v Ward et al Motions #110 119 are denied. In CV 95 124382 K. Nealy v Ward et al. Motions #112 
123 are denied. In CV 94 118481 Gatling c Ward et al Motions #129 139 are denied.
pellegrino /s/ PELLEGRINO, J.