[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 28, 1997
This case began as a negligence action brought by the CT Page 3648 plaintiff as executrix of her late husband's estate and individually as his wife claiming that the defendant, Matthew J. Hyjek as driver and the defendant, Mark Hyjek as owner of the vehicle that crashed into the rear of the vehicle being operated by the plaintiffs' decedent and husband, Lloyd Eurto, were negligent in causing the injuries to and subsequent death of Lloyd Eurto. They claim that the collision occurred on May 9, 1996 and that Lloyd Eurto died on May 14, 1996. The defendants, on or about November 8, 1996, brought an apportionment complaint against the defendant, J. William Burns, the Commissioner of Transportation of the State of Connecticut (hereinafter the "state") pursuant to CGS § 13a-144. They claim that the state is at least partially liable due to inadequate and/or defective lighting on Interstate 84 in East Hartford where the accident occurred. The state filed a motion to dismiss based upon a claim of sovereign immunity. The defendants and the state filed briefs, oral argument was held on March 31, 1997 and subsequent briefs were filed on April 9, 1997 and April 11, 1997.
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter: (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing practice Book § 143. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Antinerella v.Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). "When a [trial] court decides a jurisdictional question raised by a pre-trial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Id.
The dispositive issue in the case at bar is whether the state has waived sovereign immunity under CGS § 13a-144 to entitle the defendants to make it an apportionment defendant.
This appears to be a case of first impression. There is a split of authority among Superior Court judges and only a few decisions by them since the enactment of P.A. 95-111.
PA 95-111(c) is clear on its face where it states, "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to Section 52-572h
CT Page 3649 of the General Statutes." However, that still leaves the question of whether the state waived its immunity under CGS § 13a-144. Said section states, inter-alia:
"[a]ny person injured . . . by means of any defective highway . . . which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages . . . against the commissioner . . . No such action shall be brought . . . unless notice of such injury . . . has been given in writing within ninety days thereafter to the commissioner." General Statutes § 13a-144. "The notice requirement contained in § 13a-144 is a condition precedent, which, if not met, will prevent the destruction of sovereign immunity." Lussier v. Department of Transportation,228 Conn. 343, 354, 636 A.2d 808 (1994).
This court concludes, however, that if the notice requirement is met, the state is not immune. The third-party complaint does allege in paragraph 8 that such notice was given on September 23, 1996. However, that is more than 90 days following the occurrence of the injuries and the death. Defendants, in their briefs, claim that the September 23, 1996 date was a scrivener's error and that the actual date of notice was July 29, 1996 receipt of which was acknowledged by the state on July 31, 1996. Defendants claim copies of the letters were attached. However, the memorandum received by the court does not contain them. For the purposes of this motion, however, the court will accept the July 1996 dates, and they are clearly within the 90-day time period. Defendants should amend their apportionment complaint and submit the letters. If they fail to do so, the court will entertain another motion to dismiss or a motion for summary judgment.
The state further claims that even if notice were timely given, it had to be given by the original plaintiffs and that notice from the defendants was not sufficient. The court is not persuaded. The state appears to admit that based upon the legislative history of PA § 95-111 the state could be brought into an action as an apportionment defendant if the state could have been made an original defendant in that action (Page 5 of state's April 7, 1997 memorandum).
The legislative history is a dialogue between Representatives Lawlor, the proponent of the bill and Chairman of the Judiciary Committee, and Representative Radcliffe of the Judiciary Committee. In discussing the statute of limitations and whether a CT Page 3650 third party may bring into the case the State of Connecticut if it was not named by the plaintiff initially, Representative Lawlor replied in pertinent part: "If a . . . governmental entity, as you indicate, could have been a defendant prior to the time the statute of limitations ran, they could be brought into the case after the time the statute runs." Further. Representative Radcliffe asks whether in an action brought directly against a municipality under the Highway Defect Statute where the standard to be applied is that the municipality is the sole proximate cause of the injury, may that municipality bring others into the case for purposes of apportionment, to which Representative Lawlor replied in the affirmative. All of this legislative history is contained in the transcript of the House debate on Substitute for SB 1012 on May 23, 1995. It would be nice if the legislators had talked specifically about who could give the notice to the state. However, the court finds the statute of limitations issue to be analogous to this issue in the case at bar. Here, the original plaintiffs could have named the state in its original suit and provided the proper notice. Therefore, the state can be brought in later by third-party plaintiffs, the defendants herein, for apportionment purposes and just as the statute of limitations can be overcome so can the identity of the party giving the notice to the state.
Further, CGS § 13a-144 states in pertinent part ". . . nor unless notice of such injury . . . has been given in writing within ninety days thereafter to the commissioner." There is nothing in the statute that limits the entity required to give notice to the state to the original plaintiffs or the injured parties. The statute is clear on its face on this issue and where sovereign immunity is waived the statute should be strictly construed. Therefore, this court holds that the defendants herein are not excluded from giving notice to the state.[1] Logically and equitably this should be so. Why should an apportionment plaintiffs notice have less validity than a notice given by the original plaintiff if it otherwise complies with the statute? The fundamental issue is the lack of prejudice to the state. The notice was within ninety days regardless of who gave it, so the state was not prejudiced. The purpose of the notice is fulfilled either way.
Finally, the state contends that there is no common law counterpart to CGS § 13a-144, and, therefore, CGS §52-572h which applies to only "causes of action based on negligence" does not apply here. This is, perhaps, the state's strongest CT Page 3651 argument. The court recognizes the ruling in White v. Burns,
213 C 307, 321-22 (1990). However, the court is also aware of Steelev. Stonington, 225 Conn. 217, 220 (1993) which states that the court has ". . . long held that the municipality's liability under the statute (13a-149) resembles liability for negligence . . . If a difference does exist between an action predicated on the municipal highway defect statute and negligence, that difference . . . is paper thin" (emphasis added). If the court found that difference to be paper thin, it could easily be construed that the difference between negligence and CGS § 13a-144 is no difference at all because §13a-144 holds the state liable through its "neglect or default."
(Emphasis added.) This court finds that the distinction between negligence and § 13a-144 is a distinction without a difference. See Vesna Violette v. City of New Britain, 9 CSCR 69
(January 24, 1994) (Corradino, J.). Further, the legislative history cited above that took place in 1995 refers to sole proximate cause as to § 13a-149, and citing the state in for apportionment purposes, which would indicate that where the state is not immune, it may be brought in under CGS § 52-572h. Additionally, the purpose of tort reform is to eliminate joint and several liability and rather apportion damages among who is found liable.
It is also clear from the legislative history of PA 95-111 that the purpose of PA 95-111 is to make it clear that an entity immune from liability may not be brought in as an apportionment defendant. The legislature is charged with being aware of CGS § 13a-144 as well as § 52-572h which refers to causes of action in negligence. The legislature, therefore, knew that §13a-144 waived sovereign immunity and had the opportunity to specifically exclude statutory causes of action against the state. It chose not to do so. The legislative intent was to exclude the state from apportionment only if it was immune. It did not say "or if there is no common law counterpart to the statute providing for the waiver of sovereign immunity" even though it had the opportunity to do so. To accept the state's argument would be to defeat that intent. For all of these reasons, the court finds that there is a common law counterpart in negligence to § 13a-144.
The court, therefore, holds that there is a waiver of immunity under CGS § 13a-144 which permits the state to be an apportionment defendant under § 52-572h, and that the notice requirement was fulfilled. CT Page 3652
The motion to dismiss is denied.
RITTENBAND, J.