[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The decedent, Antonio Rosa, was adjudicated uncared for due to alleged neglect and abandonment by his legal parent. It was also determined that he had suffered from severe depression, post-traumatic stress disorder and that he had previously attempted suicide. In or about August, 1995 the decedent, who was then fifteen years old, was placed in the custody of the state, specifically the Department of Children and Families (DCF).
On or about December 18, 1996, after a series of placements, DCF placed the decedent with the defendant, Interlude, Inc. d/b/a The Prelude Program at Sydney House (Prelude) in Danbury, Connecticut. Subsequently on or about May 14, 1997, the staff of Prelude advised the decedent that it would be necessary to close the program at Sydney House. On May 30, 1997, the day that Prelude was to close its doors, DCF had not yet found another appropriate placement. That same day, the decedent, upset by the CT Page 1914 uncertainty of his living arrangements and the prospect of being returned to his mother's home, skipped school and ran away to Waterbury, Connecticut. On June 2, 1997, the decedent shot and killed himself.
Paul Murray, the administrator of the decedent's estate, instituted this action sounding in negligence against Interlude. Interlude, in turn, filed an apportionment complaint against Commissioner Kristine D. Ragaglia of DCF; Elizabeth Berthiaume; Raymond Yarosis; and the Danbury Board of Education. Ragaglia has filed this motion to dismiss.
Ragaglia argues that, pursuant to Practice Book §§ 10-30 and10-31, Interlude's complaint should be dismissed on the grounds that the court lacks jurisdiction over the subject matter by virtue of the doctrine of sovereign immunity. Ragaglia also argues that because Interlude has not filed a request with the claims commissioner to waive the state's sovereign immunity pursuant to General Statutes § 4-141 et seq., it has not exhausted its administrative remedies.
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal DepositIns. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99 (1996);Novicki v. City of New Haven, 47 Conn. App. 734, 739 (1998). "It is well established that the state or city is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." Novicki v. Cityof New Haven, supra, 738, citing Baker v. Ives, 162 Conn. 295,298 (1972). "Because the state can act only through its officers and agents, a suit against a state officer or employee is in effect one against the sovereign state." Lemoine v. McCann,40 Conn. App. 460, 463 (1996), cert. denied, 237 Conn. 904,674 A.2d 1330 (1996), citing White v. Burns, 213 Conn. 307, 312 (1990).
Further, General Statutes § 52-102b (c) states in relevant part that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section52-572h." "Prior to the passage of Public Act 95-111 [now codified at General Statutes § 52-102b], the court acknowledges that there was a split of authority as to whether an immune person could be cited in for purposes of apportioning liability under General Statutes § 52-572h . . . . The CT Page 1915 legislature, however, in enacting Public Act 95-111, 1(c) resolved this split of authority by amending General Statutes § 52-102 by adding the provision that no person who is immunefrom liability shall be made a party in the controversy." (Citation omitted; emphasis in original; internal quotation marks omitted.) Frye v. Toyota Motor Credit Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345615 (April 6, 1998, Melville, J.) (21 Conn. L. Rptr. 650, 651). Frye
continues by saying, "It is axiomatic that when the words of a statute are clear, we must follow the statute as its language directs." Citing Cooper v. Delta Chi Housing Corp. ofConnecticut, 41 Conn. App. 61, 65 (1996). There is no applicable legislation that automatically waives the state's immunity in the present case and, therefore, Ragaglia and DCF may correctly claim sovereign immunity.
Our Supreme Court has stated that "[t]he legislature has established a system for the determination of claims against the state. . . . A significant part of that system is the appointment of a claims commissioner . . . who is vested with sole authority to authorize suit against the state." (Citations omitted.) Cooperv. Delta Chi Housing Corp. of Connecticut, supra, 64. "When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." General Statutes § 4-160
(a). Ragaglia argues that the third party plaintiff, Interlude, has not filed a claim with the claims commissioner but "has instead tried to circumvent the claims commissioner by suing DCF as a third party defendant for apportionment in a suit brought against it by the Estate of Rosa."[1]
Interlude resists Ragaglia' s motion to dismiss as having been brought prematurely. Interlude argues that the first party plaintiff is seeking permission to sue the state directly and, should the claims commissioner rule in favor of the first party plaintiff, the state, along with Ragaglia and DCF, would lose its sovereign immunity. The claims commissioner's decision is still pending.[2]
If sovereign immunity is waived in one action it does not follow that immunity is also waived in a separate action arising out of the same occurrence. See Nealy v. Ward, Superior Court, judicial district of Waterbury, Docket No. 124382 (March 18, 1996, Pellegrino, J) (16 Conn. L. Rptr. 329). In Nealy v. Ward, CT Page 1916 the claims commissioner granted a waiver to the passengers involved in a motor vehicle accident in a suit brought against the state police. There, the estate of the driver and Agency Rent-a-Car argued that because sovereign immunity was waived in the passengers' suit, it should follow that there should also be a waiver of sovereign immunity in their own apportionment suit against the state arising out of the same accident. The apportionment plaintiffs contended that the waiver obtained to sue the state applies to all suits arising from the same incident.
In Nealy v. Ward, supra, 16 Conn. L. Rptr. 329, the court held that the State had not waived its immunity as to the driver's estate and Agency Rent-A-Car. "Construing the terms of General Statutes § 4-160 strictly as we must the State can only waive suit to parties that have presented it with claims." Similarly, in the present case, suit may be waived only where a party has filed a claim with the claims commissioner. Interlude acknowledges that it has not filed a claim. Nealy v. Ward, supra, 330.
Interlude relies on Eurto v. Hyjek, Superior Court, judicial district of Rockville at Tolland, Docket No. 661158 (April 28, 1997, Rittenband, J.) (19 Conn. L. Rptr. 411), where the court allowed the defendant to cite in the state for apportionment. That case, however, differs from the present case in that the defendants in Eurto v. Hyjek were allowed to cite in the state through General Statutes § 13a-144, the defective highway statute, and not by filing a claim with the claims commissioner pursuant to General Statutes § 4-160. The Eurto case merely holds that a defendant, as well as a plaintiff, may cite in the state if the state's waiver of immunity is a result of the defective highway statute.
Consistent with Nealy v. Ward, this court concludes that Interlude must file its own claim with the claims commissioner. The court cannot stretch a possible waiver of immunity in the suit brought by the first party plaintiff to include Interlude's claim for apportionment.[3] As our Supreme Court has stated, "[t]he claims commissioner may waive . . . immunity pursuant to General Statutes § 4-160 (a) and consent to suit, but until that occurs, the Superior Court has no jurisdiction to hear any such monetary claim." Capers v. Lee, 239 Conn. 265, 267-68, n. 3 (1996). CT Page 1917
Accordingly, Ragaglia's motion to dismiss is granted.
Moraghan, J.