## BOBBY JOHN COOPER *v.* DELTA CHI HOUSING CORPORATION OF CONNECTICUT ET AL.
## (14387)

O'Connell, Spear and Freedman, Js.

Argued February 15—officially released April 16, 1996

*Richard A. Roberts*, with whom, on the brief, was *Karen T. Gerber*, for the appellants (defendant Zeta Psi Fraternity et al.).

*Paul M. Shapiro*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Caroline K. Querijero*, assistant attorney general, for the appellee (defendant University of Connecticut).

*James G. Kelly*, with whom was *Claudia A. Baio*, for the appellee (plaintiff).

O'CONNELL, J. The sole issue in this appeal is whether the University of Connecticut (UCONN) is immune from having its liability apportioned pursuant to General Statutes §§ 52-102[1] and 52-572h.[2] The trial court held that UCONN is immune and granted its motion to dismiss. We affirm the trial court's judgment.

The following allegations and procedure gave rise to this appeal. On the evening of February 15 and early morning of February 16, 1991, the plaintiff attended parties at various sororities and fraternities on the UCONN campus at which alcohol was served. The defendant sororities and fraternities served alcohol to the plaintiff despite his being a minor and they continued to serve him after he became intoxicated. While driving home, the plaintiff hit a tree and sustained serious physical injuries. He brought an action against sev-

---

[1] General Statutes § 52-102 provides in relevant part: "Upon motion made by any party or nonparty to a civil action, the person named . . . (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; *provided no person who is immune from liability shall be made a defendant in the controversy.*" (Emphasis added.)

[2] General Statutes § 52-572h (c) provides: "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."

eral fraternities and sororities for negligently serving him as a minor and serving him when he was already intoxicated.

Zeta Psi Fraternity and Theta Elders Association, two of the fraternal organization defendants, moved that UCONN be made a party defendant for purposes of apportionment of liability. General Statutes §§ 52-102 and 52-572h. The trial court granted the motion and the plaintiff amended his complaint to include a count against UCONN. The added count alleges that UCONN was negligent because it did not properly enforce its alcoholic beverage guidelines, did not properly supervise fraternity or sorority parties and because a UCONN police officer escorted the plaintiff to his car, knowing that he was intending to operate it. The plaintiff does not seek damages from UCONN in this action, but, as discussed later in this opinion, filed a claim with the state claims commissioner.

UCONN filed a motion to dismiss the action as to it on the ground that sovereign immunity barred its inclusion in the absence of authorization of suit by the claims commissioner. The court, *Potter, J.*, granted the motion and Zeta Psi Fraternity and Theta Elders Association (defendants) appealed.[3]

UCONN argues that the doctrine of sovereign immunity prohibits the apportionment of liability against it. The defendants do not dispute that UCONN is immune from having damages assessed against it, but contend that, as a party for apportionment only, UCONN is not exposed to damages and thus the doctrine of sovereign immunity does not apply.

---

[3] This is a final judgment for purposes of appeal because the trial court's decision so concludes the rights of the parties, in relation to UCONN, that further proceedings cannot affect them. *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).

"The question whether the principles of governmental immunity from suit and liability are waived is a matter for legislative, not judicial, determination. . . . Sovereign immunity may be waived only through a statute. . . . Any statutory waiver of immunity must be narrowly construed. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted.) *Struckman* v. *Burns*, 205 Conn. 542, 558, 534 A.2d 888 (1987).

The legislature has established a system for the determination of claims against the state. General Statutes §§ 4-141 through 4-165b. A significant part of that system is the appointment of a claims commissioner; General Statutes §§ 4-142 and 4-142a; who is vested with sole authority to authorize suit against the state. General Statutes § 4-160 (a). Decisions of the claims commissioner are not subject to judicial review. *Circle Lanes of Fairfield, Inc.* v. *Fay*, 195 Conn. 534, 539, 489 A.2d 363 (1985). The entire scheme, which authorizes claims against the state, makes clear that the claims commissioner, and not the court, can waive sovereign immunity. *Krozser* v. *New Haven*, 212 Conn. 415, 424, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S. Ct. 757, 107 L. Ed. 2d 774 (1990). The claims commissioner has not granted permission to sue the state in the present case.[4]

The defendants contend that citing UCONN into the case for apportionment purposes is not barred by sovereign immunity because it does not expose the state to damages. The history of apportionment in negligence

[4] On August 13, 1991, the plaintiff filed for permission to sue the state. The claims commissioner has taken no action on this claim and it is still pending. Accordingly, it does not affect the resolution of this appeal.

actions is helpful in resolving this appeal. Prior to legislation known as Tort Reform I; Public Acts 1986, No. 86-338; and Tort Reform II; Public Acts 1987, No. 87-227; the doctrine of joint and several liability provided that one of several defendants could be forced to pay an entire judgment at the plaintiff's option. *Fox* v. *Fox*, 168 Conn. 592, 595, 362 A.2d 854 (1975). Tort Reform II created a rule of liability apportionment that replaced the joint and several liability rule.

Under the liability apportionment system, a defendant who believes that a nonparty is responsible for some or all of the plaintiff's injuries could implead the nonparty. General Statutes § 52-572h. In the same public act that created apportionment, the legislature amended General Statutes § 52-102[5] by adding the provision that *"no person who is immune from liability shall be made a party in the controversy."* (Emphasis added.)

The defendants offered several disingenuous arguments to the effect that a party for apportionment was somehow not to be included within the definition of party in § 52-102. It is axiomatic that when the words of a statute are clear, we must follow the statute as its language directs. *Rose* v. *Freedom of Information Commission*, 221 Conn. 217, 225, 602 A.2d 1019 (1992). The defendants arguments should be addressed to the legislature.[6]

Thus, the trial court correctly determined that sovereign immunity barred UCONN's inclusion in this civil action for purposes of apportionment.

---

[5] See footnote 1.

[6] Query as to whether such arguments would be persuasive to the legislature in view of Public Acts 1995, No. 95-111, which took effect after the accident in the present case. The relevant portion of Public Acts 1995, No. 95-111, § 1 (c) provides: "No person who is immune from liability shall be made an apportionment defendant *nor shall such person's liability be considered for apportionment purposes pursuant to § 52-572 (h) of the General Statutes.*" (Emphasis added.)

The judgment is affirmed.

In this opinion the other judges concurred.