[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This action was commenced by complaint filed on September 3, 1992, by the plaintiffs, Manuel C. Pimental, Middlesex Corporation (Middlesex) and United States Fidelity Guaranty Group (USFG), against the defendants, Cherne Industries, Miller Contracting Corporation, the Town of Groton and Anthony Nenna. For purposes of this motion, the procedural history of the case is only relevant as it applies to Middlesex and will be discussed accordingly.
The plaintiffs brought this action to recover damages for injuries allegedly suffered by Pimental when a device known as a muni-ball[1] exploded near him while he was working in a manhole, causing injuries to his face and head. On November CT Page 5370-WWWW 4, 1992, Middlesex removed itself from the action by withdrawing its complaint. On September 12, 1994, Groton and Nenna (third-party plaintiffs) were granted permission by the court, Hendel, J., to cite in Middlesex as an additional defendant for apportionment purposes only. The apportionment complaint was filed against Middlesex on November 30, 1994, and later amended on August 28, 1995. The complaint alleges negligence in count one and intentional, reckless or wanton conduct in the second count.
Middlesex filed the present motion to strike both counts of the apportionment complaint on December 4, 1995. The third-party plaintiffs filed an objection on December 26, 1995. Pursuant to Practice Book § 155, both parties have also submitted an appropriate supporting memorandum of law.
DISCUSSION
"The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a [motion to strike]." Donovan v. Davis, 85 Conn. 394, 397-98,82 A. 1025 (1912). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion . . . . [Unspecified grounds can] not furnish a basis for [granting the motion]." Merideth v. Police Commission,182 Conn. 138, 140-41, 438 A.2d 27 (1980). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
Middlesex seeks to strike both counts of the apportionment complaint on the grounds that it is immune from liability under General Statutes § 31-284, because Pimental was injured in the course of his employment with Middlesex. Middlesex contends, therefore, that it may not be considered for apportionment purposes under General Statutes § 52-572h(c). Middlesex further maintains that the second count is also legally insufficient, because General Statutes § 52-572h(c) only provides for apportionment in negligence actions, whereas the second count asserts intentional, reckless or wanton conduct.
The third-party plaintiffs first argue that Middlesex bases its motion to strike on the argument that Pimental was CT Page 5370-XXXX employed by Middlesex at the time he was injured and that he has a continuing workers' compensation claim. The third-party plaintiffs assert that, since none of this information is contained in the language of the apportionment complaint, Middlesex's motion to strike is fatally defective as a "speaking demurrer." See, e.g., Liljedahl Bros., Inc. v.Grigsby, supra, 215 Conn. 348. This argument can be disposed of summarily.
In a July 24, 1996, memorandum of decision on a motion for summary judgment filed by the third-party plaintiffs against USFG in the principal action, this court, Hurley, J., found that Pimental was an employee of Middlesex. (Memorandum of Decision, July 24, 1996, pp. 2). Further, in their answer to the complaint in the principal action, the third-party defendants admitted paragraph 26 of the complaint, which asserts that Pimental collected workers' compensation under an insurance policy issued by USFG to Middlesex. Therefore, the fact that Pimental was an employee of Middlesex is an established fact in this case, and this court will not allow the third-party plaintiffs to abuse the technicalities of a motion to strike by ignoring the previous findings of this court and their own admissions. Accordingly, the court will address the merits of the motion.
General Statutes § 52-572h(c) allows apportionment against"each party against whom recovery is allowed." (Emphasis added.). Under the Workers' Compensation Act, employers are immune from tort actions by employees for injuries that arise out of and in the course of their employment. General Statutes § 31-284. "When [a] third party[-plaintiff], in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of operation of the exclusive-remedy clause, [General Statutes § 31-284], [unless the third-party can show that the employer breached an independent duty owed to the third-party]."Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989).
Further, General Statutes § 52-102(2) provides that "no person who is immune from liability shall be made a party in the controversy." The third-party plaintiffs have not alleged any independent relationship to support their claim against Middlesex. Therefore, the first count of the apportionment CT Page 5370-YYYY complaint is legally insufficient. Cooper v. Delta Chi HousingCorporation of Connecticut, 41 Conn. App. 61, 65, 674 A.2d 858
(1996).
In the alternative, the third-party plaintiffs contend that the second count of the apportionment complaint alleges intentional, wanton or reckless conduct, for which there is a recognized common law exception to the exclusivity clause of the Workers' Compensation Act. See Suarez v. Dickmont PlasticsCorporation, 229 Conn. 99, 106-09, 639 A.2d 507 (1994). The third-party plaintiffs maintain, therefore, that the second count is legally sufficient to survive a motion to strike.
First, apportionment is only provided for in "negligence" cases. General Statutes § 52-572h(c). Second, count two fails to allege the intent necessary to fall within the intentional tort exception to the exclusivity clause, which would be that Middlesex acted for "the purpose of accomplishing [the resulting injuries to the plaintiff] or with knowledge that to a substantial certainty such result [would] ensue." Id., 108. Third, all twelve paragraphs of the first count sounding in negligence are incorporated into the second count, and paragraph fifteen of the second count alleges that Middlesex "knew or should have known that it would have been unsafe [for the plaintiff]." Therefore, the second count sounds in negligence and cannot be transformed into count for recklessness by the mere insertion of the words "intentional, reckless or wanton." Brown v. Branford, 12 Conn. App. 106,110, 529 A.2d 743 (1987). For any or all of the foregoing reasons, the second count is also legally insufficient.
CONCLUSION
Based on the foregoing, the third-party defendant's motion to strike the first and second counts of the apportionment complaint is granted.
Hurley, J.