[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS APPORTIONMENT COMPLAINTS # 129
Prior to bringing this action for wrongful death and bystander emotional distress against the defendant, Young Men's Christian Association ("YMCA"), the plaintiffs, Kathy Rountree, administrator of the Estate of Christopher Rountree, Kathy Rountree, ppa Don Rountree, Kathy Rountree ppa, Travis Rountree, Kathy Rountree, ppa James Rountree ("Rountrees") had filed a claim with the claims commissioner seeking permission to sue the state pursuant to General Statutes § 4-160. In a Memorandum of Decision dated May 17, 1993, the claims commissioner denied the claim pursuant to General Statutes § 52-557g.[1] The plaintiffs then filed a four count complaint alleging that on July 20, 1992, while the Rountree brothers, Christopher, Don, Travis and James, were on a YMCA-sponsored summer day camp trip CT Page 5560 to Burr Pond State Park, Christopher drowned in Burr Pond as the result of the YMCA's negligence, and that Don, Travis and James, suffered bystander emotional distress.
The YMCA has filed an answer denying the material allegations of the complaint, and, more recently, a motion to join the state of Connecticut ("State") for the purpose of apportioning negligence pursuant to General Statutes § 52-102.[2] The court, Fracasse, J., granted that motion on September 9, 1996, and the YMCA filed a two count apportionment complaint against the state accompanied by a copy of the Rountrees' complaint. Count one incorporates the original Rountree complaint. Count two alleges, inter alia, that at all relevant times, the State had ownership and control of Burr Pond State Park and was responsible for the number of lifeguards and the safety of the members of the public using the park. Count two further alleges that if the Rountrees did sustain damages in the manner they allege, those damages were caused by the state's negligence.
The State has now moved to dismiss the apportionment complaint on the ground of sovereign immunity. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citation omitted; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). Practice Book 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993). "`[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.'" Federal DepositInsurance Corp. v. Peabody. N.E. Inc., 239 Conn. 93, 99,860 A.2d 1321 (1996), quoting Amore v. Frankel, 228 Conn. 358, 364636 A.2d 786 (1994).
The State cites Cooper v. Delta Chi Housing Corp. ofConnecticut, 41 Conn. App. 61, 674 A.2d 858 (1996), for the proposition that the state is immune from apportionment liability imposed by General Statutes §§ 52-102 and 52-572h. In CT Page 5561 response, the YMCA argues that the court should review the claims commissioner's decision holding the state immune from liability pursuant to General Statutes § 52-557g due to the Supreme Court's decision in Conway v. Wilton, 238 Conn. 658, 680 A.2d 242
(1996). The YMCA argues that because the claims commissioner's decision was based on an erroneous interpretation of § 52-557g, his decision is not controlling on the issue of sovereign immunity. The YMCA further argues that Cooper does not control the present case for two reasons: (1) in Cooper the claims commissioner had not yet considered the plaintiff's request to sue the state; (2) the court dismissed the plaintiff's complaint against the state after the motion to cite in the state was granted.
The Court must first consider whether the court can review the decision of the claims commissioner, in light of the Supreme Court's reinterpretation of § 57-557g in Conway v. Wilton,supra. General Statutes § 4-164 (b) provides, in pertinent part, that: "[Actions] of the claims commissioner in approving or rejecting payment of any claim or part thereof shall be final and conclusive on all questions of law and fact and shall not be subject to review except by the general assembly." Furthermore, the Supreme Court has held that "[t]he commissioner of claims performs a legislative function directly reviewable only by the General Assembly." Circle Lanes of Fairfield, Inc. v. Fay,195 Conn. 534, 541, 489 A.2d 363 (1985). Accordingly, that this court lacks the statutory authority to review the claims commissioner's decision.
The next issue is whether the state is immune from being made a party in a case for purposes of apportioning negligence. InCooper, the defendants, two fraternal organizations on the campus of the University of Connecticut (UConn), served alcohol to the plaintiff, a minor, until he became intoxicated and then continued to serve alcohol to him despite his intoxication. While driving home, the plaintiff crashed into a tree and was severely injured. He sued the defendants who in turn moved pursuant to §§ 52-102 and 52-572h to cite in UConn for purposes of apportioning negligence.[3] The trial court granted the motion, and the plaintiff amended his complaint to add a count of negligence against UConn. UConn moved to dismiss the action on the ground that sovereign immunity barred the plaintiff's inclusion in the case in the absence of authorization from the claims commissioner. CT Page 5562
The Appellate Court affirmed the trial court's granting of this motion on the ground that "the University of Connecticut (UConn) is immune from having its liability apportioned pursuant to General Statutes §§ 52-102 and 52-572h." Cooper v. DeltaChi Housing Corporation, 41 Conn. App. 61, 62, 674 A.2d 858
(1996). The court observed that § 52-102 provided that those who are immune from liability cannot even be made a party to the controversy. Id., 65.
"That a sovereign state is immune from suit, unless it consents to be sued, is the settled law of Connecticut." Lacassev. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). "The legislature has established a system for the determination of claims against the state. . . A significant part of that system is the appointment of a claims commissioner . . . who is vested with sole authority to authorize suit against the state." (Citations omitted.) Cooper v. Delta Chi Housing Corp. ofConnecticut, supra, 41 Conn. App. 64.
In the present case, the Rountrees applied for permission from the claims commissioner to sue the state. The claims commissioner denied the request. The Rountrees subsequently requested a rehearing which the claims commissioner also denied. The State is thus immune from suit in the present case. Based on the claims commissioner's refusal to waive sovereign immunity and the holding in Cooper, the state cannot be joined in the present case even for the limited purpose of apportioning negligence.
The State's motion to dismiss is therefore granted.
SILBERT, J.