[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
This is an action for a breach of contract brought against the State of Connecticut claiming damages for the alleged breach. The action was instituted in the Small Claims Division by the plaintiff, pro se, and was transferred by the State to the regular docket. The State then filed this Motion to Dismiss claiming that this Court lacks subject matter jurisdiction. The basis for the State's claim is that it has not waived its sovereign immunity.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995); Practice Book § 143. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." FederalDeposit Ins. Co. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996).
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. CS Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). CT Page 2535
The doctrine of sovereign immunity is a "well settled principle that the sovereign [the state] is immune from suit unless the state, by appropriate legislation, consents to be sued." Federal Deposit Ins. Co. v. Peabody N.E., Inc., supra,239 Conn. 101. The state may waive its sovereign immunity through a statutory waiver,[1] White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990); or through the claims commissioner, General Statutes §§ 4-141 et seq;[2] Cooper v. Delta Chi Housing Corporation,41 Conn. App. 61, 64, 674 A.2d 858 (1996).
There is no statute that expressly waives the state's immunity to common law breach of contract actions. See Wilson v.State, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 386665 (November 20, 1992, Aurigemma, J.) (Court held that it was necessary for the Claims Commissioner to grant the plaintiff permission to sue Cedarcrest Hospital, the state, for common law actions sounding in negligence and breach of contract. Connecticut General Statutes did not permit the plaintiff to file suit directly in superior court based on those actions.)
This plaintiff, must seek permission from the Claims Commissioner to sue the state pursuant to § 4-141, et seq. The plaintiff failed to obtain such authorization and therefore State of Connecticut is deemed not to have waived its immunity. This Court lacks subject matter jurisdiction and therefore the Court must grant the defendant's Motion to Dismiss. The court will enter judgment on behalf of the defendant.
PELLIGRINO, J.