[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUMRE: MOTION TO STRIKE # 106.5
The plaintiffs, Joanne and Gleason Frye, filed a complaint against the defendants, Toyota Motor Credit Corporation and Tracy Chester, on August 8, 1997. The defendants filed an answer and special defenses on September 16, 1997. The defendants filed an apportionment complaint against the Town of Greenwich on September 19, 1997. On November 3, 1997, the plaintiffs filed a motion to strike the apportionment complaint on the ground of legal insufficiency arguing that under General Statutes §13a-149, the Town of Greenwich cannot be partially at fault and have a portion of the plaintiffs' damages assessed against it. On November 3, 1997, the plaintiffs also filed a motion to dismiss the apportionment complaint on the ground that the defendants failed to return the apportionment complaint to the court in a timely fashion thereby divesting the court of jurisdiction over the apportionment defendant. The defendants also filed an objection to the plaintiffs' motions. The plaintiffs subsequently filed a supplemental memorandum in support of the motion to strike.
The plaintiffs abandoned their motion to dismiss the apportionment complaint for failure to return the complaint to the court in a timely fashion at oral argument on January 20, 1998 because the apportionment complaint was returned to court more than six days before the return date.[1] The motions based on governmental immunity remain to be resolved.
The apportionment complaint alleges that "among the statutory duties imposed upon the defendant, Town of Greenwich, in accordance with Connecticut General Statutes § 13a-149, is the duty to keep and maintain its roads in a reasonably safe condition." (Apportionment Complaint, ¶ 2.) The defendants further allege that "notice of the incident was duly given to the defendant, Town of Greenwich, on July 16, 1997." (Apportionment Complaint, ¶ 8.) In addition, the apportionment complaint alleges that "Tracy Chester and Toyota Motor Credit Corp. are CT Page 3523 entitled to allocation of responsibility to the Town of Greenwich with respect to any damage or injury . . . pursuant to Connecticut General Statutes 52-572 (h)." (Apportionment Complaint, ¶ 9.)
The plaintiffs have moved to strike the defendants apportionment complaint which is proper pursuant to Catalan v.Machnik Construction Co., Superior Court, judicial district of New London at New London, Docket No. 535192, 16 CONN. L. RPTR. 285 (Austin, J., March 8, 1996). However, the plaintiffs' motion to strike the apportionment complaint sounds in governmental immunity. Accordingly, the court will treat the plaintiffs' motion to strike as a motion to dismiss.
 "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction. . . ." Federal Deposit Ins. Corp. v. Peabody. N.E. Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). "[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court."
Third Taxing District v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32 (1994). Therefore, a motion to dismiss is the proper vehicle to raise the defense of sovereign immunity. Fitzgerald v. Groves,
Superior Court, judicial district of New Haven at Meriden, Docket No. 256565 (July 17, 1997, Dipentima, J.), citing Duguay v.Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). The court must therefore consider the allegations of the complaint in their most favorable light.Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Federal Deposit Ins. Corp. v. Peabody. N.E. Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
It is well settled that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. The state and its municipalities enjoy governmental immunity, in certain CT Page 3524 circumstances, from liability for their tortious acts. The state legislatures, however, possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities. Indeed, this is what our legislature did in the area of highway defects when it enacted the state and municipal highway liability statutes. The state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of the statute [General Statutes § 13-144]. White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). The defendants are not bringing this action under the defective highway statute, but under the apportionment statute. Section 52-572h does not waive the state's immunity.Dolson v. Baier Construction Company, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 151171 (October 24, 1996, Lewis, J.). In addition, the immunity which municipalities enjoy has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. Section13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries. Martin v. Townof Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997).
General Statutes § 52-557n(a)(1)(C) provides that with respect to municipalities no cause of action should be maintained for damages resulting from the injury to any person or property by means of a defective road or bridge except pursuant to section13a-149. Under § 13a-149, a town has no liability unless the defect is the sole proximate cause of the injury. Bradley v.Randall, Superior Court, judicial district of Windham at Windham, Docket No. 052173 (April 8, 1996, Sferrazza, J.) (18 Conn. L. Rptr. 636), aff'd, 45 Conn. App. 924, 696 A.2d 1323 (1997), cert. denied, 243 Conn. 923, ___ A.2d ___ (1997), citing, Sanborn v.Greenwald, 39 Conn. App. 289, 304, 664 A.2d 803, cert. denied,235 Conn. 925, 666 A.2d 1186 (1995).
However in order for the apportionment of liability to apply, the defendants would have to be partly responsible for the plaintiffs' injuries. Bradley v. Randall, supra,18 Conn. L. Rptr. 636. Toyota Motor Credit Corporation and Tracy Chester can only be liable if their conduct proximately caused the plaintiffs' injuries. Id. Therefore, the highway defect would not be the sole proximate cause of the accident. Id. See also Ortizv. Clemmons, Superior Court, judicial district of Danbury, Docket No. 325799 (November 4, 1997, Stodolink, J.) (1997 Conn. Super. LEXIS 3007) (holding that the city of Danbury cannot be made an CT Page 3525 apportionment party under General Statutes § 52-102b or General Statutes § 13a-149 based on an allegation that the town contributed to the accident by maintaining a defective roadway). Consequently, the Town of Greenwich cannot be cited in as an apportionment party under the exclusive remedy provided by § 13a-149.
The defendants, relying on the legislative history of Public Acts 1995, No. 95-111 (P.A. 95-111), codified at General Statutes § 52-102b, insist that a municipality can be cited in as an apportionment defendant. (Defendants' Memorandum, p. 4.) Public Act 95-111, codified at General Statutes § 52-102b, states in pertinent part that "no person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572." It is axiomatic that when the words of a statute are clear, we must follow the statute as its language directs.Cooper v. Delta Chi Housing Corp., 41 Conn. App. 61, 64,674 A.2d 858 (1996).
Prior to the passage of Public Act 95-111, the court acknowledges that there was a split of authority as to whether an immune person could be cited in for purposes of apportioning liability under General Statutes 52-572h. Ortiz v. Clemmons,
supra, 1997 Conn. Super. LEXIS 3007. See also Dolson v. BaierConstruction Company Inc. supra, Docket No. 151171. The legislature, however, in enacting Public Act 95-111, 1(c) resolved this split of authority by amending General Statutes § 52-102 "by adding the provision that no person who isimmune from liability shall be made a party in the controversy." (Emphasis added.) Cooper v. Delta Chi Housing Corp., supra,41 Conn. App. 64. The language of Public Act 95-111 is not ambiguous and therefore an examination of its legislative history is neither proper nor necessary.
CONCLUSION
The plaintiff's motion to strike having been treated as a motion to dismiss, the motion to dismiss the apportionment defendant is hereby GRANTED, for the reasons heretofore expressed.
MELVILLE, J.