[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION OF APPORTIONMENT DEFENDANT To DISMISS APPORTIONMENT COMPLAINT
INTRODUCTION
The complaint in this case alleges that the plaintiff suffered personal injuries as a result of the negligent operation CT Page 8446 by the defendant Naegel of a motor vehicle owned by the defendant Primus Automotive Financial Services, Inc. (hereinafter, collectively, the defendants). Pursuant to § 52-102b of the General Statutes (all further section references are to the General Statutes), the defendants have filed an apportionment complaint against the Commissioner of Transportation ("Commissioner") which alleges that the plaintiff's injuries were caused by a faulty traffic control signal which the Commissioner negligently failed to maintain. The Commissioner has moved to dismiss the apportionment complaint on the ground of sovereign immunity.
DISCUSSION
The plaintiff has not asserted a claim against the Commissioner. Therefore, the only potential consequence from a denial of the motion to dismiss is a reduction in the amount for which the defendants may be liable to the plaintiff, which would follow if the trier of facts finds both for the plaintiff as well as that the Commissioner has responsibility for the plaintiff's losses. Therefore, only the State's pride, and not its treasure, is exposed by the apportionment complaint.
Stated summarily, the conflicting interests at stake in this motion are: 1) the State's apparently academic interest in avoiding a finding of negligence on its part; and, 2) the defendants' interest in being held responsible for no more than their proportionate share of any damages to which the plaintiff may be entitled, in harmony with our tort reform policy which disfavors joint and several liability.
While the above characterization of the conflicting interests of the defendants and the Commissioner may suggest how this court would resolve the policy issue posed, it is the General Assembly, and not a court, which has the duty to resolve that issue. Further, the General Assembly appears to have spoken clearly on that issue when it adopted the first sentence of section (c) ofP.A. 95-111 (now codified as § 52-102b[c]), which is the legislation authorizing the filing of apportionment complaints by defendants. That sentence states:
 No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h.
CT Page 8447
Before the adoption of P.A. 95-111 authorized defendants to file apportionment complaints, a defendant who claimed that a nonparty bore partial or total responsibility for a plaintiff's damages could only bring that nonparty into an existing action (for apportionment purposes) by moving to cite in the nonparty pursuant to § 52-102 of the General Statutes. The final phrase of § 52-102 provides:
 ". . . provided no person who is immune from liability shall be made a defendant in the controversy."
Because the first phrase of the above quote from §52-102b(c) is virtually identical to the above quote from §52-102, the observation of the Appellate Court in Cooper v. DeltaChi Housing Corporation, 41 Conn. App. 61 (1996), on the quoted excerpt from § 52-102 is relevant. In Cooper, the motion of a defendant to make the University of Connecticut ("UConn"), an agency of the state, an apportionment defendant under §52-102 was granted. Thereafter, the court dismissed the apportionment complaint on the ground of sovereign immunity, even though UConn was not exposed to damages in that case. In affirming that dismissal the Appellate Court said:
 The defendants offered several disingenuous arguments to the effect that a party for apportionment was somehow not to be included within the definition of party in 52-102. It is axiomatic that when the words of a statute are clear, we must follow the statute as its language directs. Rose v. Freedom of Information Commission, 221 Conn. 217, 225, 602 A.2d 1019 (1992). The defendants arguments should be addressed to the legislature.
The quoted language of § 52-102b(c) is as clear as the quoted language of § 52-102, and the Appellate Court's analysis of § 52-102 in Cooper applies with equal force to the language of § 52-102b(c). This is a matter for the General Assembly, not the court.
CONCLUSION
The Commissioner's motion to dismiss is granted. CT Page 8448
G. Levine, J.