[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS (DOCKET ENTRY NO. 101)
The plaintiff, Christine Pampoukidis, as the mother of Pamela Pampoukidis, filed a one-count complaint on June 10, 1998 against the defendant, Education Connection. The plaintiff alleges that Pamela Pampoukidis suffered injuries on April 27, 1996 when she was pushed off a play structure by another child while attending the defendant's program.
On July 15, 1998, the defendant filed a motion to dismiss the plaintiff's complaint on the grounds of sovereign immunity and insufficiency of service of process. The plaintiff filed an CT Page 11348 objection to the defendant's motion to dismiss on September 8, 1998, when the matter was heard by the court.
The grounds which may be asserted in a motion to dismiss are lack of jurisdiction over the subject matter and insufficiency of service of process. Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985).
The defendant argues that it is a regional education service center pursuant to General Statutes § 10-66, and therefore it is a state actor. The defendant further contends that as a state actor, it enjoys sovereign immunity unless it consents to be sued. The defendant asserts that it has not consented to be sued, and that the plaintiff has failed to follow the course outlined in General Statutes § 4-141 et seq., which provide the mechanism for seeking monetary damages against the state.
The plaintiff concedes that the above assertions made by the defendant are correct. The plaintiff argues, however, that the defendant has repeatedly represented that it would pay the plaintiff's medical bills, and that prior to filing this suit, plaintiff's counsel was unable to determine the status of the defendant. The plaintiff argues that based on these factors, the defendant has waived and should be estopped from asserting its sovereign immunity.
The defendant has submitted its constitution, which provides that the Education Connection "shall be established as a regional educational service center in accordance with Section 10-66a
through 10-66l of the General Statutes of the State of Connecticut." (Motion To Dismiss, Affidavit of Jay H. Hubelbank, Director of Operations for Education Center, Ex. A). General Statutes § 10-66c provides in part: "A regional educational service center shall be a body corporate and politic. The board of a regional educational service center shall be a public educational authority acting on behalf of the state of Connecticut. . . ." Accordingly, the defendant is an agent of the state, and therefore may raise the defense of sovereign immunity.
The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996). The question whether the principles of governmental immunity from suit and liability are CT Page 11349 waived is a matter for legislative, not judicial, determination. Sovereign immunity may be waived only through a statute. Cooperv. Delta Chi Housing Corp., 41 Conn. App. 61, 64, 674 A.2d 858
(1996). Thus, in a case where a government is the defendant, courts do not have subject matter jurisdiction unless such jurisdiction is statutorily conferred. Novicki v. City of NewHaven, 47 Conn. App. 734, 738-39, 709 A.2d 2 (1998).
The plaintiff has failed to demonstrate that, pursuant to General Statutes § 4-141 et seq., she has submitted her claim to the claims commissioner, who in turn has decided that the defendant's sovereign immunity should be waived. See Chotkowskiv. State, 240 Conn. 246, 269-70, 690 A.2d 368 (1997). In addition, the plaintiff does not cite any other statutory authority to support the contention that the defendant has waived its sovereign immunity.
The plaintiff raises the additional argument that the defendant is estopped from using sovereign immunity as a defense. Any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonable available means of acquiring knowledge. Wellington Systems, Inc. v. ReddingGroup, Inc., 49 Conn. App. 152, 162-63, ___ A.2d ___ (1998).
 "In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." Kimberly-Clark Corp. v. Dubno, 204 Conn. 137, 148, 527 A.2d 679 (1987).
Since plaintiff cannot show that her alleged reliance was induced by an agent "having authority in such matters", the doctrine of estoppel may not be invoked against this defendant. The plaintiff has not demonstrated, or even argued, that the representatives of the defendant who allegedly misled her had the CT Page 11350 authority to waive sovereign immunity. In light of the statutory provisions giving the claims commissioner the power to waive sovereign immunity in actions against public agencies such as the defendant, representatives of the defendant institution could not waive sovereign immunity. The plaintiff's estoppel argument is therefore without merit.
For all of the foregoing reasons, the court finds that the defendant is entitled to assert a defense of sovereign immunity. Furthermore, it has not waived its right to assert that defense nor has that right been statutorily waived. Accordingly, inasmuch as the court lacks subject matter jurisdiction over the plaintiff's claims, the motion to dismiss is hereby granted.
MELVILLE, J.