[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 17, 1997, the plaintiffs, Chanelle Brown, a minor, by her mother next friend, Janice Brevard, and Janice Brevard, individually, filed a one count complaint against the defendant, Willow Woods Condominium Association, Inc. The plaintiffs have alleged the following facts within the complaint. On July 29, 1996, Brown's sister attempted to assist Brown, who is confined to a wheelchair, down a stairway which abutted the parking lot in the Willow Woods Condominiums. As her sister pushed Brown's wheelchair down the stairs, she lost control of the wheelchair causing the wheelchair to fall over the side of the stairs. As a result of the fall, Brown suffered various physical injuries and Brevard incurred various medical expenses associated with the treatment of Brown's injuries. Brown and Brevard allege that Willow Woods' negligence caused Brown's CT Page 15137 injuries due to its failure to install railing along the stairway and the defective conditions of the stairway. As a result, Brown and Brevard now seek damages. On January 5, 1998, Willow Woods answered the complaint, asserting a special defense of contributory negligence and a counterclaim against Brevard, seeking apportionment pursuant to General Statutes § 52-572h. In addition, on January 15, 1998, Willow Woods filed an apportionment complaint against Brevard. On June 24, 1998, the court, Hartmere, J., granted the plaintiffs' motion to strike Willow Woods' apportionment complaint on the ground that the apportionment complaint was procedurally improper under General Statutes § 52-102b. The court stated that Willow Woods served the apportionment complaint to Brevard who is already a party to the action, therefore the apportionment complaint was procedurally improper.
Brown and Brevard now move for summary judgment as to Willow Woods' apportionment counterclaim on the ground that apportionment is barred due to the doctrine of parental immunity. Willow Woods has submitted an opposing memorandum, asserting that parental immunity is not a bar, because Brevard is a party to the suit. Willow Woods claims that apportionment liability is available against parties who are already a party to the suit.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Levine v. Advest, Inc., 244 Conn. 732, 743, ___ A.2d ___ (1998).
Brown and Brevard argue that Willow Woods' counterclaim is barred by the doctrine of parental immunity and, pursuant to § 52-102b(c)[1], Brevard cannot be made an apportionment defendant for the purposes of § 52-572h. Willow Woods argues that because Brevard is already a party to the action, apportionment is available pursuant to § 52-572h[2].
"The doctrine of parental immunity . . . forbid[s] to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the CT Page 15138 hands of the parent. . . ." (Brackets in original; citations omitted; internal quotation marks omitted.) Squeglia v. Squeglia,234 Conn. 259, 263, 661 A.2d 1007 (1995). The doctrine applies to any personal injury claim by a minor child against his or her parents. Id. "[T]he doctrine does not bar an action by an unemanicipated child against a parent for injuries received because of: (1) the negligent conduct of the parent at a business enterprise located outside the home; . . . (2) the negligent operation of a motor vehicle, aircraft or waterborne vessel; General Statutes § 52-572c; or (3) sexual abuse, sexual assault or sexual exploitation. . . ." (Citations omitted.) Id., 265. "[W]e have recognized that the doctrine of parental immunity is particularly applicable in the area of parental supervision and discretion with respect to the care and control of a minor child. . . ." (Citations omitted.) Id., 269.
Willow Woods alleges in its counterclaim that Brown's injuries were caused because Brevard failed to make proper arrangements for Brown, improperly allowed her minor daughter to assist Brown home from the school bus, and failed to provide adult supervision. These allegations come within the scope of claims that the doctrine of parental immunity was intended to bar. Brevard's decision to allow her minor daughter to assist Brown home from the bus was within her discretion and it does not fall within the exceptions to the application of the parental immunity doctrine as enumerated in Squeglia. Courts continue to apply the doctrine where the alleged negligent act involves the exercise of ordinary parental discretion involving the care and control of their child. Squeglia v. Squeglia, supra,234 Conn. 269; see also Ascuitto v. Farricielli, 244 Conn. 692, 706,711 A.2d 708 (1998) (the court held that parental immunity applies to acts of parental discretion); Dubay v. Irish, 207 Conn. 518,542 A.2d 711 (1988) (refused to abrogate the doctrine of parental immunity involving allegations of the negligent exercise of parental discretion). Therefore, Brevard is immune from liability in regards to Willow Woods' allegations of negligence under the counterclaim.
Willow Woods is not seeking damages under the counterclaim, rather it seeks apportionment pursuant to § 52-572h(c). General Statutes § 52-572h(c) allows apportionment of liability against parties from whom recovery is allowed. Based upon the doctrine of parental immunity, however, Brevard is not a party from whom recovery is allowed. As the court in Ayala v.Meehan has emphasized, "[w]hile not directly applicable to this CT Page 15139 case, the changes wrought by Public Act No. 95-111 not only make clear the legislature's present policy barring consideration of an immune person's liability for apportionment purposes, but also suggest, when read in light of the language regarding immune persons in [General Statutes § 52-102b], that the legislature never intended to allow apportionment based on the liability of an immune person under Tort Reform II. . . ." (Citation omitted.)Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (July 3, 1997, Lager, J.) (20 CONN. L. RPTR. 25). General Statutes § 52-102b(c) states, "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h. . . ." (Emphasis added.) In the case of Ayala v. Meehan, the parents appeared in the action as "next friends" not as parties in their individual capacities. The court emphasized, however, that "the parental immunity doctrine would prevent the plaintiff's parents from being cited in as apportionment defendants under Tort Reform II. Moreover, even if the parents were parties to this suit, the purposes of the parental immunity doctrine most certainly would be defeated if evidence of negligent supervision of their child could nonetheless be introduced into the case in an effort to reduce the defendants' potential liability. . . ." (Citation omitted.) Ayala v. Meehan, supra, 20 CONN. L. RPTR. 25, 26. "It is axiomatic that when the words of a statute are clear, we must follow the statute as its language directs. . . ." (Citation omitted.) Cooper v. Delta Chi Housing Corp. of Connecticut,41 Conn. App. 61, 65, 674 A.2d 858 (1996). As discussed above, Brevard would be immune from liability due to the doctrine of parental immunity. Therefore § 52-102b(c) would not allow the court to consider the liability of an immune party, such as Brevard, for apportionment purposes.
Willow Woods cites several Superior Court cases which hold that a defendant may seek apportionment against a parent who is a party to the action[3]. These cases, however, pre-date Public Acts 1995, No. 95-111, now § 52-102b, which as noted above expressly prevents an immune party from being cited into a negligence suit and does not allow an immune party's liability to even be considered for apportionment purposes. Accordingly, the plaintiffs' motion for summary judgment is granted as to Willow Woods' counterclaim, because, as a matter of law, the counterclaim is barred.
Howard F. Zoarski CT Page 15140 Judge Trial Referee