[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought alleging that as a result of his negligence and carelessness, the defendant Adam Osbourne is liable to the plaintiff Michael Reed for injuries suffered when Osbourne threw a metal object at Reed. Osbourne then brought an apportionment complaint against Oliver Wolcott Regional Vocational Technical School (Wolcott) alleging negligence on its part through inadequate supervision and staffing, and requesting that any verdict or judgment entered reflect the proportionate share of Wolcott's negligence. Wolcott moves to dismiss the apportionment complaint on the grounds that the court lacks subject matter jurisdiction because Wolcott is immune from suit. For the foregoing reasons, the court finds the issues in favor of Wolcott. CT Page 4729
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624
(1983). Subject matter jurisdiction can be raised at any time. Gagnonv. Planning Commission, 222 Conn. 294, 297 (1992). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Community Collaborative ofBridgeport v. Ganim, 241 Conn. 546, 552 (1992); Figueroa v. CS BallBearing, 237 Conn. 1, 4 (1996). "The motion to dismiss like a motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, as here, the motion is accompanied of supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62 (1988)[1].
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins.Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99 (1996); Novicki v. NewHaven, 47 Conn. App. 734, 739 (1998). Under General Statutes § 10-95
et seq., Wolcott is a vocational technical school established and maintained by the state board of education. Wolcott is a state public institution so that the state is the real party in interest. SeeBarde v. Board of Trustees, supra, 207 Conn. 64.
Under the doctrine of sovereign immunity, the state is immune from suit unless through appropriate legislation it consents to be sued.Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., supra,239 Conn. 101. There are two ways in which the state may consent to be sued: (I) through a statutory waiver of sovereign immunity; and (2) through the claims commissioner. There is no statute that provides for suing the state for negligence under the circumstances set forth in the complaint, nor has Osbourne alleged a waiver. Furthermore, there is no allegation in either the original complaint or Osbourne's apportionment complaint regarding the claims commissioner. Under General Statutes § 4-160,
 (a) When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any CT Page 4730 claim which, in his opinion, presents an issue of law or fact. under which the state, were it a private person, could be liable.
 (c) In each action authorized by the Claims Commissioner pursuant to subsection (a) or
 (b) of this section or by the General Assembly pursuant to section 4-159, the claimant shall allege such authorization and the date on which it was granted. The state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances.
Through the affidavit of the movant it is established for purposes of this motion that the plaintiff Reed did file a claim with the claims commissioner. That occurred on October 17, 1997. To date, the claim remains pending before the claims commissioner, and no decision has been made.[2] Because the claims commissioner has not authorized suit against Wolcott, it remains immune. Cooper v. Delta Chi HousingCorp. of Connecticut, 41 Conn. App. 61, 64 (1996).
Under General Statutes § 52-102b, a defendant may serve an apportionment complaint on a person not a party, who may be liable under General Statutes § 52-572h[3]. Nevertheless, General Statutes § 52-102b also includes the following limiting language:
 (c) No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h.
Since it is clear from the pleadings and affidavit that there is no waiver of sovereign immunity as to Wolcott, Osbourne's apportionment complaint must be dismissed. Cooper v. Delta Chi Housing Corp. ofConnecticut, supra, 41 Conn. App. 65. While Osbourne argues that because the claim remains pending before the claims commissioner, Wolcott may be liable so that the motion should be denied, Cooper
disposes of the issue. Id., 64, n. 4. Based upon the clear language of General Statutes § 52-102b (c), Wolcott cannot be made an apportionment defendant. The motion to dismiss is granted. CT Page 4731
DiPentima, J.