[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action arising out of a motor vehicle collision involving a pedestrian, the intervening plaintiff, the state of Connecticut, moves to dismiss the cross claim filed by the defendant Jordan Rettig.[1] After the original complaint was filed and the state intervened as an employer under General Statutes § 31-293, the defendant brought a cross claim against the state for apportionment pursuant to General Statutes §52-572h. Additionally, in response to the state's intervening complaint, the defendant filed an answer with a special defense alleging negligence by the state. CT Page 15003
In its motion, the state argues that it is immune from liability for any apportionment under General Statutes § 52-572h. It also argues that because it is a party only as an intervening employer under General Statutes § 31-293 seeking to secure its right to reimbursement of workers compensation benefits, its negligence cannot be raised by the defendant.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. PlanningCommission, 222 Conn. 294, 297 (1992). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Community Collaborative of Bridgeport v. Ganim, 241 Conn. 546, 552
(1992); Figueroa v. CS Ball Bearing, 237 Conn. 1, 4 (1996). "The motion to dismiss like a motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62 (1988).
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss."Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99
(1996); Novicki v. New Haven, 47 Conn. App. 734, 739 (1998). Under the doctrine of sovereign immunity, the state is immune from suit unless, through appropriate legislation, it consents to be sued. Federal DepositIns. Corp. v. Peabody, N.E., Inc., supra, 101. There are two ways in which the state may consent to be sued: (1) through a statutory waiver of sovereign immunity; and (2) through the claims commissioner. The defendant argues that because the state made itself a party through its intervening complaint, its liability for the injuries suffered by the plaintiff should be considered. Despite the thoughtful argument made by defense counsel as to the peculiar facts of this case, the court agrees with the state in light of the clear authority contained in both statutory and case law.
As noted by the state in its memoranda, the state is immune from liability unless it consents to be sued. Here, there is no such consent. Apportionment is not available as to the state's liability. General Statutes § 52-102b contains the following language:
 (c) No person who is immune from liability shall be made an apportionment defendant nor shall suchCT Page 15004 person's liability be considered for apportionment purposes pursuant to section 52-572h . . .
(Emphasis added.)
Further, General Statutes § 52-572h provides in pertinent part,
 (c) In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable. . . .
(Emphasis added.) This court agrees with Judge Pellegrino's reasoning inTeasley v. Delta Elevator Services, Inc., Superior Court, judicial district of Waterbury, Docket No. 0129123 (December 31, 1996), when he noted,
 There is nothing in the language of § 52-572h or the Act which either expressly waives the state's sovereign immunity or indicates a legislative intent to waive the state's sovereign immunity for purposes of apportionment. In fact, the Act provides that an immune entity cannot be cited into an apportionment suit. See Cooper v. Delta Chi Housing Corp., 41 Conn. App. 61, 674 A.2d 464 (1996) (holding that sovereign immunity bars a defendant from joining the state as an apportionment defendant under § 52-102
and § 52-572h.).
As to the defendant's argument that the state has consented to suit at least as to apportionment. the Supreme Court's decision in Dumiak v.August Winter Sons, Inc., 222 Conn. 775 (1992), is dispositive. There, upon certification requested from the United States District Court, the court interpreted General Statutes § 31-293 (a) and held that a third party tortfeasor may not raise the negligence of the employer as a special defense when the employer has intervened in the personal injury action as a party plaintiff to secure the employer's statutory right to reimbursement of workers compensation benefits. The court noted,
 [b]ecause an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293 (a) . . . the employer's claim does not fall within the compass of § 52-572h.
CT Page 15005
(Citations omitted.) Id., 782.
The motion to dismiss is granted on the grounds that the state is immune from suit and the cross claim for apportionment is not permitted under the statute. The special defense of negligence by the state raised by the defendant in her answer to the intervening complaint is stricken. The court lacks subject matter jurisdiction over both these claims for the reasons stated above.
DiPentima, J.