# ANTHONY R. MARTIN *v.* JAMES BRADY ET AL.
## (AC 20808)

Lavery, C. J., and Mihalakos and Peters, Js.

Argued April 5—officially released July 24, 2001

*Norman A. Pattis*, with whom were *Dawne West-brook* and, on the brief, *John R. Williams*, for the appellant (plaintiff).

*Robert F. Vacchelli*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellees (defendants).

*Opinion*

PETERS, J. The principal issue in this case is whether the doctrine of sovereign immunity bars the plaintiff, Anthony R. Martin, from pursuing state constitutional claims of misconduct by the defendant police officers, who searched his property and person and then seized him personally. Although sovereign immunity may be bypassed by filing, with the claims commissioner, a claim for permission to bring suit,[1] the plaintiff has not pursued that alternative. The trial court held that, because of sovereign immunity and the plaintiff's failure to exhaust his administrative remedies, it lacked subject matter jurisdiction to proceed. Relying on *Binette* v. *Sabo*, 244 Conn. 23, 710 A.2d 688 (1998), the plaintiff argues to the contrary. He maintains that a claim for relief that invokes a provision of our state constitution falls within one of the exemptions from filing suit with the claims commissioner. The plaintiff relies on General Statutes § 4-142 (2),[2] which provides, in relevant part,

---

[1] "The legislature has established a system for the determination of claims against the state. General Statutes §§ 4-141 through 4-165b. A significant part of that system is the appointment of a claims commissioner; General Statutes §§ 4-142 and 4-142a; who is vested with sole authority to authorize suit against the state. General Statutes § 4-160 (a)." *Cooper* v. *Delta Chi Housing Corp. of Connecticut*, 41 Conn. App. 61, 64, 674 A.2d 858 (1996).

[2] General Statutes § 4-142 provides: "There shall be a Claims Commissioner who shall hear and determine all claims against the state except: (1) Claims for the periodic payment of disability, pension, retirement or other employment benefits; (2) claims upon which suit otherwise is authorized by law including suits to recover similar relief arising from the same set of facts; (3) claims for which an administrative hearing procedure otherwise is estab-

that the claims commissioner has no authority to hear "claims upon which suit otherwise is authorized by law including suits to recover similar relief arising from the same set of facts . . . ." The plaintiff contends that § 4-142 (2) is applicable because, in his view, a suit for relief under article first, § 7, of the constitution of Connecticut is a suit that "otherwise is authorized." We are not persuaded and therefore affirm the judgment of the trial court.

The record establishes the relevant procedural history. The plaintiff brought suit against the defendants individually,[3] alleging that they had deprived him of his due process rights and his rights to be free from an unreasonable search and seizure pursuant to article first, §§ 7 and 9, of the constitution of Connecticut. In response, the defendants filed a motion to dismiss the plaintiff's claims for lack of subject matter jurisdiction. The motion relied both on sovereign immunity and on the plaintiff's failure to exhaust an alternate administrative remedy. General Statutes § 4-141 et seq. Distinguishing *Binette*, the case upon which the plaintiff relies, the trial court granted the motion to dismiss and rendered judgment accordingly.

The plaintiff has appealed from the judgment dismissing his complaint.[4] Because the judgment was based entirely on the legal inferences to be drawn from the complaint, our review is plenary. *SLI International Corp.* v. *Crystal*, 236 Conn. 156, 163–64, 671 A.2d 813 (1996). Because the judgment was rendered pretrial,

---

lished by law; (4) requests by political subdivisions of the state for the payment of grants in lieu of taxes; and (5) claims for the refund of taxes."

[3] The defendants are Troopers James Brady, Andre Joyner and Thomas Inglis, and Detective Jeff Correia, all of the Connecticut state police.

[4] The plaintiff does not challenge the well established principle that "the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 99, 680 A.2d 1321 (1996); *Amore* v. *Frankel*, 228 Conn. 358, 364, 636 A.2d 786 (1994).

we consider the allegations in the plaintiff's complaint in the light most favorable to sustaining the viability of the complaint. *Reynolds* v. *Soffer*, 183 Conn. 67, 68, 438 A.2d 1163 (1981).

The plaintiff's argument for reversal has two major parts. As a matter of pleading, he contends that the defendants were not entitled to invoke the doctrine of sovereign immunity because he had sued them in their individual capacities for egregious misconduct. As a matter of substantive law, he maintains that his complaint did not fall within the purview of the claims commissioner because, under *Binette* v. *Sabo*, supra, 244 Conn. 23, he was pursing an independent constitutional claim that § 4-142 (2) did not purport to preclude. We disagree with both parts of the plaintiff's argument.

I

PROCEDURAL ARGUMENTS

The first issue that we must resolve is whether, procedurally, the defendants in this case are barred from access to a defense of sovereign immunity as a result of the pleadings filed by the plaintiff. The plaintiff has divided his argument on this issue into two subparts. He maintains that the defense is inapplicable because he sued each of the defendants (1) in their individual capacity and (2) for misconduct that was "wanton, reckless or malicious."[5] General Statutes § 4-165. We disagree.

A

The fact that the plaintiff has framed his complaint so as to seek relief from the defendants in their individual

---

[5] Moreover, implicit in the plaintiff's argument is that pursuing his claims before the commissioner will not provide an adequate remedy. In the present case, even when the plaintiff alleges a constitutional violation, we see no legal barrier to pursuing this administrative remedy and therefore will not assume that recourse through this procedure will necessarily be futile or inadequate. *Barde* v. *Board of Trustees*, 207 Conn. 59, 66, 539 A.2d 1000 (1988).

capacities does not preclude their rights to invoke the doctrine of sovereign immunity. The plaintiff does not challenge the applicable legal principles. Obviously, the state can act only through its officers and agents. *Sentner* v. *Board of Trustees*, 184 Conn. 339, 342, 439 A.2d 1033 (1981). Such officers and agents are protected from legal proceedings by sovereign immunity, unless they are alleged to have acted in excess of their statutory authority or pursuant to an unconstitutional statute. *Shay* v. *Rossi*, 253 Conn. 134, 169, 749 A.2d 1147 (2000); *Antinerella* v. *Rioux*, 229 Conn. 479, 487–88, 642 A.2d 699 (1994). As did the court, we have examined the plaintiff's complaint to determine whether it contains allegations that might preclude the defendants from invoking sovereign immunity as a defense.

The complaint charges the defendants with actionable misconduct in that one or another (1) forced his way into the plaintiff's Middletown home without a "search warrant" and, after he submitted to an arrest, struck him and threw him to the floor,[6] (2) searched his home on the basis of a search warrant that was issued in response to an affidavit containing false claims and (3) in the process of that search, smashed windows and broke down doors.

Significantly, the complaint contains no allegations that the defendants were acting in any capacity other than as state officers enforcing an extradition arrest warrant. There is no allegation that the defendants' alleged misconduct exceeded their statutory authority or that an applicable statute was unconstitutional. As the court properly noted, in the absence of such an allegation, the form in which the plaintiff cited the

---

[6] At oral argument in this court, the plaintiff conceded a lack of candor in failing fully to disclose that the defendants' actions arose out of extradition proceedings, including an "arrest warrant" that resulted from the plaintiff's conviction of criminal mischief in Florida.

defendants does not matter. *Shay* v. *Rossi,* supra, 253 Conn. 174–75.

## B

The plaintiff argues, alternatively, that the defendants cannot rely on the defense of sovereign immunity because § 4-165 disallows statutory immunity for actions alleged to have been "wanton, reckless or malicious." This argument confuses sovereign immunity with statutory immunity. If the defendants have established their defense of sovereign immunity, they need not demonstrate their compliance with § 4-165. *Shay* v. *Rossi,* supra, 253 Conn. 164.

## II

### SUBSTANTIVE ARGUMENTS UNDER *BINETTE* v. *SABO*

Whatever might be the applicability of the doctrine of sovereign immunity in other circumstances, the plaintiff argues that *Binette* v. *Sabo,* supra, 244 Conn. 23, governs this case so as to supersede sovereign immunity. First, he claims that, as a matter of law, *Binette* supports his position doctrinally. Second, if that claim is upheld, he argues that *Binette* supports his position factually. We disagree with both of the plaintiff's claims.

## A

In *Binette,* our Supreme Court recognized a private constitutional tort cause of action for money damages under article first, § 7, of the constitution of Connecticut. The plaintiff claims that, pursuant to § 4-142 (2),[7] *Binette* authorizes a suit "by law" against these individual defendants. If that claim is accepted, the plaintiff maintains that he rightfully bypassed the claims com-

---

[7] The plaintiff does not claim that he should be excepted under any other subsection of § 4-142.

missioner in bringing this action to the Superior Court. We disagree.

The defendants argue, and we agree, that *Binette* is distinguishable from the present case doctrinally. In *Binette*, our Supreme Court had no occasion to address the doctrine of sovereign immunity, as that case addressed the misconduct of municipal, not state, police officers.

*Binette* did not purport to announce an overarching universal principle. *Binette* v. *Sabo*, supra, 244 Conn. 47. It cautioned that the availability of access to a separate tort action under *Binette* should be analyzed on a case-by-case basis only. Id., 48; see also *ATC Partnership* v. *Windham*, 251 Conn. 597, 613, 741 A.2d 305 (1999), cert. denied, 530 U.S. 1214, 120 S. Ct. 2217, 147 L. Ed. 2d 249 (2000). Bearing these cautionary words in mind, we are persuaded that *Binette* does not permit a tort action in this case. Our Supreme Court, in *Shay* v. *Rossi*, supra, 253 Conn. 172, has reminded us that the doctrine of sovereign immunity should not be overcome too easily. It is not our law that every tort action premised on alleged misconduct by a state officer automatically deprives the officer of access to the defense of sovereign immunity. Id. Under *Shay*, the appropriate test in this case is whether the defendants' activities fall outside of the normal scope of the defendants' authority to enforce an arrest warrant. Although we recognize the force of constitutional mandates, we are disinclined to enforce such mandates at the expense of sovereign immunity unless the plaintiff clearly has alleged facts that, if proven, would distinguish his claim for relief from standard claims of police misconduct.[8]

---

[8] Although we conclude that the defendants' alleged conduct was not sufficiently egregious so as to allow the plaintiff to sidestep sovereign immunity, we certainly do not condone such behavior.

## B

Whatever the precise doctrinal impact of *Binette* may be, case-by-case adjudication is inherently fact bound. We turn, therefore, to the plaintiff's argument that, if *Binette* applies doctrinally, the facts alleged in his complaint are sufficiently egregious to allow him to pursue a separate tort action against the defendants.[9] We disagree with his argument.

In *Binette*, the complaint was sustained because of its specific allegations of an unreasonable, egregious search and seizure. The plaintiffs therein alleged that the defendants, Mahlon C. Sabo and Anthony A. Languell,[10] had entered the home of the plaintiffs, Joseph A. Binette and Janet Binette, without permission or a warrant. "According to the complaint, Sabo threatened Janet Binette with arrest and imprisonment and pushed her, causing her to fall against a wall and over a table. The complaint also allege[d] that, outside the plaintiffs' home, Sabo repeatedly slammed Joseph Binette's head against a car and, further, that Languell, in the course of arresting Joseph Binette, struck him on the head and kicked him while he was lying on the ground experiencing an epileptic seizure." *Binette* v. *Sabo*, supra, 244 Conn. 26.

In the present case, the complaint alleges three separate acts of police misconduct. The complaint refers to an allegedly improper intrusion, without a search warrant, into the plaintiff's home and an allegedly improper second intrusion with a search warrant based on a false affidavit.[11] The plaintiff alleges that he not only

[9] In *Binette*, the allegations in the complaint were that of an egregiously unreasonable search and seizure. *ATC Partnership* v. *Windham*, supra, 251 Conn. 613.

[10] Sabo was the Torrington police chief, and Languell was a Torrington police officer.

[11] The complaint alleges the following false statements contained in the affidavit:

"1) [Connecticut State Police Troopers James Brady/Andre Joyner] claimed that under Florida law, contempt was a felony.

incurred property damage, but also sustained physical harm when he was struck and thrown to the floor.

With respect to the allegedly false affidavit, the plaintiff has not alleged sufficiently egregious misconduct because his complaint fails to comply with the test articulated in *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). That case requires a substantial preliminary showing that a false statement was made knowingly and intentionally, or with reckless disregard for the truth. Id., 155–56. The plaintiff's complaint makes no such claim directly, and it contains none of the subsidiary allegations that would be necessary for an effective preliminary showing. *State* v. *Rodriguez*, 223 Conn. 127, 143–44, 613 A.2d 211 (1992). Further, the plaintiff did not request a hearing that would have enabled him to pursue this claim.

Similarly, there was nothing egregious about the remainder of the alleged misconduct that was asserted in the complaint. The plaintiff has not challenged the validity of the extradition "arrest warrant" that authorized the first intrusion.[12] Apart from the legality of the entry, the plaintiff complains of having been pushed to the ground on one occasion and of having windows and doors smashed on another occasion. We are not persuaded that these allegations, if true, rise to the level of egregious misconduct. They are a far remove from the allegations of misconduct that underlay *Binette*.

"2) Brady/Joyner claimed that Martin 'failed to reappear when scheduled to do so.'

"3) Brady/Joyner claimed defendant [Trooper Thomas] Inglis claimed that he spoke with Martin on one occasion and Martin refused to come to the door. Martin never refused to come to any door.

"4) Brady/Joyner claimed that Martin was 'hiding behind a couch,' although in fact Martin made no attempt to conceal himself or to frustrate the defendants after they had broken into his house without a warrant on October 6, 1998."

[12] Rather disingenuously, the plaintiff challenges the fact that the defendants did not have a "search warrant" for the first intrusion.

As the trial court properly held, *Binette* is distinguishable from the present case, and the plaintiff's absolute reliance on that case is unfounded.[13] It follows that the plaintiff's objection to the defense of sovereign immunity cannot be sustained.

In sum, we affirm the judgment dismissing the plaintiff's action. The plaintiff has not sustained his burden of alleging facts that would demonstrate that the defendants' behavior in the alleged incidents was sufficiently outside the normal scope of their statutory authority as police officials so as to avoid the doctrine of sovereign immunity. Furthermore, we conclude that the mere citation of *Binette* v. *Sabo*, supra, 244 Conn. 23, is not an open sesame. In the absence of persuasive factual allegations, calling misconduct egregious does not make it so. Finally, applicability of the defense of sovereign immunity obviates the need to explore the applicability of a defense of statutory immunity.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[13] The plaintiff provides no other support for his argument that § 4-142 (2) applies to this case.