[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In their motion for summary judgment the defendants claim that the doctrine of sovereign immunity bars the plaintiff's action against the State of Connecticut and employees of the Department of Correction.[1]
On July 16, 1997, the plaintiff, Ronald Moss, filed a complaint against the Commissioner of Correction, John J. Armstrong, the warden of Garner Correctional Institute (Garner), Remi Acosta and the assistant warden of Garner, Richard M. Miele. The complaint alleges that on July 29, 1996, the plaintiff, a state employee, was attacked by an inmate while working in the kitchen at Garner. The complaint alleges that the defendants "directed and/or reallocated the guards at [Garner], which guards should have been present to prevent injury and assist in the protection of employees such as the Plaintiff . . ." (Complaint, ¶ 2.) The complaint further alleges that as a result of the attack, and "[ails a direct and proximate result of the recklessness and/or intentional decisions of the Defendants," the plaintiff sustained serious and permanent injuries. (Complaint, ¶¶ 1 and 4.).
The defendants argue that the doctrine of sovereign immunity precludes the plaintiff from maintaining a cause of action against them. The plaintiff acknowledges that it did not seek, and therefore did not obtain, the permission of the claims commissioner to maintain this action.[2] Rather it argues that sovereign immunity does not act as a bar to this action because: 1) the defendants were acting in excess of their statutory authority as defined in Antineralla v. Rioux, 229 Conn. 479
(1994); and 2) the named defendants are subject to liability in their individual capacities, pursuant to General Statutes § 4-165 because CT Page 13468-bs their actions were reckless and/or wanton. The principles governing this claim are well established.
"We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. In its pristine form the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts and there can be no legal right as against the authority that makes the law on which the right depends. This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others."
"It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit. Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute."
"In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . In such instances, the need to protect the government simply does not arise and the government cannot justifiably claim interference with its functions. . . . Where [however] no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." Rossi v. Shea, 253 Conn. 134, 169 (2001), quoting Antineralla v. Rioux, 229 Conn. 479, 487-88 (1998).
Plaintiff first seeks to avoid the barrier of sovereign immunity by arguing that he has sued the defendants in their individual capacities.[3] This argument, however, is unavailing. "The fact that the plaintiff has framed his complaint so as to seek relief from the defendants in their individual capacities does not preclude their rights to invoke the doctrine of sovereign immunity." Anthony R.Martin v. James Brady, 64 Conn. App. 433 (2001)
The plaintiff next asserts that because his complaint sounds in recklessness, sovereign immunity is avoided under General Statutes § CT Page 13468-bt4-165. That provision states that "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless, ormalicious, caused in the discharge of his duties or within the scope of his employment." (Emphasis supplied) As the court in Martin v. Brady,
concluded in ruling on an identical claim, "[t]his argument confuses sovereign immunity with statutory immunity. If the defendants have established their defenses of sovereign immunity, they need not demonstrate their compliance with § 4-165." Id. at 435. See, also,Rossi v. Shay, supra, 253 Conn. at 162-63, holding that "[o]ur precedents establish that, where a state official is sued in both her official and individual capacities, if sovereign immunity does not apply to the claim against her in her official capacity, the statutory immunity may then apply to the claim against her in her individual capacity. Thus, before determining whether and to what extent the defendants are shielded by the statutory immunity provided by § 4-165, it is appropriate to determine whether the claims against them are barred by the common-law doctrine of sovereign immunity."
As previously noted, sovereign immunity is inapplicable if the defendants have acted in "excess of statutory authority." As the court noted in Shay v. Rossi, supra, 253 Conn. at 170, "[w]e have never defined the precise contours of the "in excess of statutory authority' doctrine, which removes the shield of sovereign immunity from state officials sued in their official capacities. Thus we have never decided just how far outside the statutory authority the official must act in order for the doctrine to apply." Two recent decisions in which sovereign immunity was abrogated provides helpful guidance in resolving this issue. InAntineralla v. Rioux, sovereign immunity was overcome based on the allegations that the defendant sheriff "contravened the clear public policy that a high sheriff may not engage in fee splitting."229 Conn. at 493. Likewise, in Shay v. Rossi, the court concluded that defendant's conduct [was] "sufficiently egregious as to constitute conduct that was in excess" of her statutory authority. 253 Conn. at 171. Based on the analysis in Antineralla and Shay, a plaintiff seeking to surmount sovereign immunity must set forth sufficient allegations to demonstrate not merely an error in defendant's judgment, but rather conduct that represents such a substantial breach of statutory responsibilities that it could fairly be described as "illegal" or "egregious". "In order to overcome sovereign immunity, the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they must also allege or otherwise establish facts that reasonably support those allegations." Id. 175. In order to resolve the dispute in this matter, therefore, it is necessary to review the specific allegations set forth in plaintiff's complaint. Because the court is treating the CT Page 13468-bu defendant's motion for summary judgment as a motion to dismiss, plaintiff's allegations are deemed to be true and must be viewed in the light most favorable to the plaintiff. Barde v. Board of Trustees,207 Conn. 59 (1988)
Plaintiff makes the following allegations. First, plaintiff claims that on or about July 29, 1996, while an employee of the Connecticut Department of Corrections at the Garner Correctional Institute, he suffered serious and permanent injuries as the result of an unprovoked attach by an inmate. Plaintiff further alleges that the defendants "reallocated the guards at said correctional facility, which guards should have been present to prevent injury and assist in the protection of employees" such as the plaintiff. Finally, plaintiff asserts that the defendants were reckless in that they: (1) "were aware that additional guards were needed for the protection of employees" such as the plaintiff; (2) "reallocated staff away from security positions in . . . the kitchen area . . . to perform other duties within the prison with the full knowledge that additional staff was necessary in order to protect" plaintiff; and (3) "ordered that the post hours in the kitchen be changed" prior to the assault on plaintiff.
Based on these allegations, the plaintiff cannot pierce the defendants' sovereign immunity. First, plaintiff has failed to even allege that defendants acted in excess of their statutory authority. As our Appellate Court recently concluded, the failure of the plaintiff to properly allege that the defendants acted in excess of their authority constituted grounds for dismissal. "Significantly, the complaint contains no allegations that the defendants were acting in any capacity other than as state officers enforcing an extradition warrant. There is no allegation that the defendants' alleged misconduct exceeded their statutory authority or that an applicable statute was unconstitutional." Martin v.Brady, supra, 64 Conn. App. at 440.
Further, even if plaintiff had specifically alleged that the defendants exceeded their statutory authority, the acts and omissions complained of, even if true, are not in the nature of the actions found to be sufficient to avoid sovereign immunity in Shay v. Rossi, supra, andAntineralla v. Rioux, supra. As previously noted, in Antinerella
sovereign immunity was avoided because the defendant was alleged to be "acting illegally in contravention of a clearly defined public policy, and with improper motives." Id. In Shay, the defendants' actions were described as "sufficiently egregious as to constitute conduct that was in excess of their statutory authority." The allegations in this case fail to satisfy the standards set forth in Shay and Antinerella. In this case CT Page 13468-br the defendants' conduct, assuming it resulted in the plaintiff's injuries, was neither illegal, in violation of public policy nor sufficiently egregious as to warrant a finding that they acted in excess of their statutory authority. It is unquestionable that defendants are statutorily authorized, indeed required, to make staffing decisions in accordance with the institutional needs of the correctional facility. Pursuant to General Statutes § 18-81, the commissioner of correction is required to "administer, coordinate and control the operations of the department [of correction] and shall be responsible for the overall supervision and direction of all institutions, facilities and activities of the department." There is nothing in plaintiff's complaint that suggests that at the time those decisions were made the defendants were acting in any capacity other than in their official capacities as Department of Corrections officials. Further, while it may be the case that the decisions made by the defendants reflect poor judgment, the complaint does not provide a detailed factual basis warranting the inference that such decisions were illegal, in contravention of public policy or made with improper motives. Accordingly, the court concludes that sovereign immunity precludes the plaintiff from maintaining this action.
Because sovereign immunity is a bar to this action, the court need not decide whether statutory immunity, as set forth in § 4-165, permits the plaintiff to proceed against the defendants in their individual capacities. "If the defendants have established their defense of sovereign immunity, they need not demonstrate their compliance with § 4-165." Martin v. Brady, supra, 253 Conn. at 169.
Accordingly, for the foregoing reasons the action is dismissed.
So ordered.
ROBERT L. HOLZBERG, J.